ROBERTSON, Presiding Judge.
Following an ore tenus proceeding, the trial court entered a final judgment of divorce which, inter alia, awarded the wife “the sole use and occupancy of the house located at 190 3rd Street N.W., Graysville, Alabama, until she remarries, [or] no longer uses it as her principal place of occupancy.”
The husband on appeal argues that the trial court abused its discretion in awarding the use of the marital residence to the wife. He contends that the residence was not a marital asset, because the residence was owned solely by the husband’s father and leased to the husband.
The record on appeal contains the pleadings, the deposition of a doctor regarding the wife’s medical condition, a lease-sale contract between the husband and Emmett E. Tucker entered into evidence by the wife, a notice of termination of lease entered into evidence by the husband, and the order of the trial court. However, the record does not contain a transcript of the ore tenus proceeding before the trial court, nor does it contain a statement of the facts pursuant to Rule 10(d), Alabama Rules of Appellate Procedure.
Initially, we note that in divorce cases in which the trial court receives ore tenus evidence, its judgment is presumed to be correct and will not be set aside on appeal unless it is plainly and palpably wrong or unjust. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). Also, “[w]hen oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), A.R.A.P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.” Rudolph v. Rudolph, 586 So.2d 929, 930 (Ala.Civ.App.1991).
For the foregoing reasons, the judgment of the trial court is affirmed.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $500.
AFFIRMED.
THIGPEN and YATES, JJ., concur.