YATES, Presiding Judge..
K.L.P., the mother, petitions for a writ of mandamus directing the Russell Juvenile Court to dismiss two petitions for grandparent visitation for lack of subject-matter jurisdiction. Subject-matter jurisdiction is reviewable by a petition for a writ of mandamus. Ex parte Punturo, [Ms. 1000115, February 8, 2002] — So.2d - (Ala.2002); Ex parte Flint Constr. Co., 775 So.2d 805 (Ala.2000).
“ A writ of mandamus is an extraordinary remedy that requires the showing of: (1) a clear legal right in the petitioner to the order sought; (2) an imperative duty on the respondent to perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.’ ”
Ex parte Bruner, 749 So.2d 437, 438 (Ala.1999)(quoting Ex parte McNaughton, 728 So.2d 592, 594 (Ala.1998)).
On December 5, 2002, S.P. and P.P., the paternal grandparents, petitioned the juvenile court for visitation with their three-year-old and one-year-old grandchildren,[1] pursuant to § 30-3-4, Ala.Code 1975.[2] The grandparents contended that the grandchildren were “dependent upon contact” with them and that lack of continued visitation would cause emotional distress to the grandchildren. The grandparents stated that the mother and father had separated in 2001 and that the father had died in April 2001. The grandparents moved for a hearing on pendente lite visitation, seeking visitation over the upcoming Christmas holidays. On December 19, 2002, the mother was served with notice of the hearing set for December 20, 2002. Following the hearing, the juvenile court entered an order granting visitation on Christmas Day. The court also granted visitation on Thursday evenings from 5:30 until 7:30 p.m. and on Saturdays beginning at 12:00 p.m. until Sunday at 10:00 a.m.
On December 24, 2002, the mother moved to stay the visitation, which was granted by this court. The mother argued in her motion that the trial court lacked jurisdiction because there had been “no allegation, evidence or finding that the children were dependent, delinquent or in need of supervision.” That same day, the mother filed a notice of appeal in each of the visitation petitions, arguing that the juvenile court lacked jurisdiction.
On January 7, 2003, this court notified the parties that the appeals would be treated as a petition for a writ of mandamus. The mother was ordered to substitute her appeals with a petition for a writ of mandamus in compliance with Rule 21, Ala. RApp. P., and the grandparents were ordered to file an answer. After receiving the mandamus and the answer to the mandamus, this court granted the petition on February 4, 2003.
On February 11, 2003, this court rescinded its February 4, 2003, order, and ordered the parties to address the issue of whether the juvenile court has jurisdiction to entertain an original petition for grandparent visitation pursuant to § 30-3-4.1. The December 24, 2002, stay of visitation remained in effect. This court also issued a separate stay of the pending final hearing on visitation.
*456 In 1973, the Alabama Constitution was amended to create a unified judicial system consisting of “a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.” Amendment No. 328, 6.01(a)(emphasis added). The circuit court “shall exercise general jurisdiction in all cases except as may otherwise be provided by law.” Amend. No. 328, 6.04(b).
In 1975, the Legislature created the juvenile court system, .giving the circuit court and the district court “original concurrent juvenile jurisdiction sitting as the juvenile court.” § 12-15-2(a). Where there is more than one district judge, the presiding circuit judge shall designate a district or circuit court judge to hear juvenile cases. § 12-15-3; see also Ex parte Boykin, 611 So.2d 322, 325 (Ala.1992)(“[C]ircuit courts in our larger judicial circuits may have civil, criminal, juvenile, and family court or domestic relations divisions, if such divisions are lawfully established and maintained.”).
The law governing juvenile proceedings is set out in § 12-15-1 through -176. The purpose of the juvenile court is “to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court ... to preserve the public peace- and security.” § 12-15-1.1. The Legislature limited the jurisdiction of the juvenile courts. § 12-15-30 (jurisdiction over children) and § 12-15-31 (jurisdiction over minors and adults).
Section 12-15-30(a) gives the juvenile court exclusive original jurisdiction over children who are alleged to be “delinquent, dependent, or in need of supervision.” There is nothing in the grandparents’ complaint indicating that the mother is unfit or unwilling or unable to discharge her duties as a parent. The grandparents are simply seeking visitation with the children.[3]
“The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile court is well defined. These courts, in dealing with the welfare and interest of minors under a given age, are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. But where a child is neglected or delinquent, and where the parent contributes to or is responsible for such neglect or delinquency, then the state has the paramount right, in the interest of the welfare of the child, to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue.”
47 Am.Jur.2d Juvenile Courts § 4 (1995).
Section 12-15-30(b) provides that the juvenile court has exclusive original jurisdiction in proceedings to determine custody of a child “when the child is otherwise before the court.” The children in the present case are not before the court on *457 any reason except the grandparents’ petition for visitation. Cf. K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993)(the juvenile court had jurisdiction to award grandparent visitation where the child was before the court on the grandparents’ dependency/custody petition and the grandparents subsequently sought visitation in the event that the court did not find the child dependent).
We find persuasive Terry v. Botts (No. E2000-01288-COA-R3-CV, February 22, 2001) (Tenn.App.Ct.2001) (not published in S.W.3d). In Terry, the Tennessee appellate court held that the juvenile court lacked subject-matter jurisdiction:
“While petitions for dependency and neglect, paternity, unruly behavior and delinquency all involve the minor person directly, a Grandparent Visitation Rights Petition is a lawsuit involving the Grandparents and the Parents of the minor children. Even though the children are the heart of the lawsuit, the parties actually involved are adults, as it is the constitutional rights of the parents potentially being affected, not those of the children. Had these children been involved in the juvenile court for matters of delinquency or dependency and neglect, it is logical to conclude that the juvenile court would maintain that jurisdiction to entertain a Grandparent Visitation Petition, but not in this instance.”
Section 12-15-30(c)(l)a. gives the juvenile court original jurisdiction in proceedings where a child is “in a situation subjecting him to physical, mental or emotional abuse or is in clear and present danger of suffering lasting or permanent damage.” The grandparents allege that “lack of continued contact and visitation between the said child and petitioners will cause emotional distress.” This is not in the nature of protecting the children from “abuse” and warranting intervention by the juvenile court. See Ex parte Sumner, 451 So.2d 308 (Ala.Civ.App.l984)(juvenile court had jurisdiction under § 12-15-30(c)(1) to determine whether an emergency situation existed threatening the safety and well-being of a child where the child told his father and social workers that his stepfather had beaten and abused him and bruises and contusions were found on the child); Roberson v. McAliley, 387 So.2d 840 (Ala.Civ.App.l980)(juvenile court -had jurisdiction over petition alleging abuse under § 12 — 15—30(c)(1), even though circuit court had previously granted custody to the grandmother). Rather, this is a domestic dispute between a parent and grandparents belonging in the general jurisdiction of the circuit court. See, e.g., R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001) (original petition for grandparent visitation filed in the domestic relations division of the circuit court).
The petition for a writ of mandamus is granted and the juvenile court is ordered to dismiss the grandparents’ original visitation petition for lack of jurisdiction.
WRIT GRANTED.
CRAWLEY and PITTMAN, JJ., concur.
THOMPSON and MURDOCK, JJ., concur in the result.

. The grandparents filed a separate petition for each child.

. Section 30-3-4 was repealed in 1999. Section 30-3-4.1, adopted in 1999, governs grandparent visitation.

. Although the grandparents' two petitions are entitled “Petition for Visitation and/or Dependency,” the nomenclature of the pleading is not controlling. Rather, it is the relief sought within the pleading that controls. Garris v. Garris, 643 So.2d 993 (Ala.Civ.App. 1994). Here, the grandparents are seeking visitation. Furthermore, the grandparents have not complied with the procedures for filing a dependency petition. § 12-5-50, et seq.; Rule 12, Ala. R. Juv. P.