YATES, Presiding Judge.
K.S., the mother of a minor child, appeals from an order of the Autauga County Juvenile Court granting the child’s paternal grandmother, H.S., visitation rights.
On June 12, 2002, the paternal grandmother filed a petition for custody in the Chilton County Juvenile Court, alleging that the child was dependent. The case was subsequently transferred to Autauga County, where the child and the mother reside. The child’s father, J.R., filed a motion for a hearing, alleging that he had been denied visitation. On August 5, 2002, the father and the paternal grandparents absconded with the child during visitation at a Taco Bell fast-food restaurant and refused to return him to the mother. The same day, the mother filed an emergency motion seeking to return the child to her custody, and the trial court ordered that temporary custody be granted to the mother. On October 8, 2002, the parties reached an agreement whereby the mother would have custody of the child and the father would have visitation rights.
On December 4, 2002, the father filed an emergency motion for temporary custody, alleging abuse of the child by the mother. On December 5, 2002, an order was issued granting the father temporary custody of the child. On December 17, 2002, an order was entered allowing the mother and the father to exchange custody of the child on a weekly basis until the court ordered otherwise. On January 1, 2003, the father was killed in an automobile accident.
*1224 On January 7, 2003, the mother filed a motion to dismiss both the father’s and the paternal grandmother’s petitions. On February 13, the paternal grandmother filed a motion to establish visitation, pursuant to § 30-3-4.1, Ala.Code 1975.[1] On April 9, 2003, the trial court held a hearing. According to the mother, the trial court found that the paternal grandmother should be granted visitation, but it did not set out specific dates or times for such visitation.' However, no transcript from that hearing was included in the record. On April 23, 2003, the paternal grandmother filed a motion for contempt and requested an emergency hearing. The mother’s counsel then withdrew, and the mother subsequently obtained new counsel. On May 5, 2003, the trial court entered the following order:
“This matter coming before the Court the 9th day of April, 2003 for hearing on the Petition for Custody, Motion for Visitation and Motion to Dismiss; the Paternal Grandmother, her attorney of record, the Biological Mother, her attorney of record; and the Guardian Ad Litem, all being present: This Honorable Court finds that it would be in the best interest of the minor child to be temporarily placed in the physical custody of the Biological Mother, until such time as this Court can hear the evidence and determine permanent physical custody and visitation.
“It is further Ordered, Adjudged and Decreed as follows:
“1. The Paternal Grandmother, shall have visitation with the minor child each Saturday from 8:00 a.m. until 6:00 p.m. of every weekend until further Order of the Court of if the parties agree this can be swapped to Sunday of each weekend.
“2. The Paternal Grandmother, shall be responsible for picking up the minor child for said visitation and the Biological Mother shall be responsible for ... picking up the minor child at the end of said visitation.
“3. The parties may agree upon any additional visitation and the location of said additional visitation between themselves.”[2]
(Identifying names omitted.)
On August 20, 2003, the trial court held a hearing on the mother’s motion to dismiss and on the paternal grandmother’s motion for visitation. At the hearing, the paternal grandmother withdrew her petition for custody.[3] On August 26, 2003, the trial court entered an order granting the paternal grandmother extensive visitation. *1225 The mother appeals, arguing that the paternal grandmother failed to meet the standard set out in L.B.S. v. L.M.S., 826 So.2d 178 (Ala.Civ.App.2002), for the constitutional application of § 30-3-4.1. .
Although there is a transcript of the hearing held on August 20, 2003, there was no sworn testimony taken at that hearing. No other transcript from any of the other hearings was included in the record. It is clear from the August 20, 2003, hearing that the trial court had already determined that the paternal grandmother was entitled to visitation and that the discussion at the hearing was related to the terms of her visitation. The trial court’s final order, entered on August 26, 2003, states “having heard testimony,” and over the objection of the mother, visitation is awarded to the grandmother.
As both parties recognize in their briefs, the trial court’s judgment was rendered upon ore tenus testimony. Because no transcript of that testimony or authorized substitute therefor is contained in the record, we must conclude that the trial court’s judgment was supported by the ore tenus testimony. Tucker v. Tucker, 623 So.2d 342 (Ala.Civ.App.1993); Evans v. Evans, 504 So.2d 318 (Ala.Civ.App.1987). “When oral testimony is considered by the trial court in reaching its judgment and that testimony is not present in the record as either a transcript or Rule 10(d), [Ala.] R. [App.] P., statement, it must be conclusively presumed that the testimony [was] sufficient to support the judgment.” Rudolph v. Rudolph, 586 So.2d 929, 930 (Ala.Civ.App.1991). Because we cannot discern from the record whether the trial court erred in granting grandparent visitation, we must affirm the judgment of the trial court.
AFFIRMED.
THOMPSON and PITTMAN, JJ., concur.
CRAWLEY and MURDOCK, JJ., dissent, with writings.

. We note that because the child was "otherwise before the [juvenile] court" on the dependency petition, the juvenile court had jurisdiction to address the issue of grandparent visitation. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003).

. We disagree with Judge Murdock's contention that any of the trial court’s orders indicate that the trial court used the best-interest standard in determining whether the grandmother was entitled to visitation. We note that the May 5, 2003, order applied the best interest standard in relation to placing temporary physical custody with the mother.

. Judge Murdock’s dissent quotes a portion of the hearing held on August 20, 2003, in an attempt to support his contention that the trial court used an improper standard in determining whether the paternal grandmother was entitled to visitation. It is clear from the transcript of that hearing that the trial court had already determined that the paternal grandmother was entitled to visitation and that the parties were attempting to determine when visitation would occur. Immediately after the colloquy quoted by Judge Murdock, the following occurred:
"The Court: Okay. So you’re asking for more visitation—
"The Grandmother: Yes, sir.
“The Court: — than what you've had? Okay.”