898 So.2d 783 (2004)
J.D.R., guardian ad litem for A.E.L., a minor
v.
M.M.E.
2030185.
Court of Civil Appeals of Alabama.
October 15, 2004.
*784 J.D.R., guardian ad litem, Talladega, for appellant.
Submitted on appellant's brief only.
YATES, Presiding Judge.
J.D.R., the guardian ad litem for A.E.L., a minor, appeals from the juvenile court's order awarding grandparent visitation to M.M.E., the maternal grandmother of the child.
On June 28, 2002, the maternal grandmother filed a petition in the juvenile court, alleging that the child was dependent and seeking custody of the child. That same day, J.D.R. was appointed guardian ad litem for the child. On August 30, 2002, the maternal grandmother moved to dismiss her petition; the motion to dismiss was granted by the juvenile court. On October 28, 2002, the maternal grandmother filed a second petition in the juvenile court, again alleging that the child was dependent and seeking custody of the child. J.D.R. was again appointed guardian ad litem. Ore tenus proceedings were held on January 9, January 13, and January 24, 2003. On February 13, 2003, J.D.R. recommended that the maternal grandmother's petition be denied because, J.D.R. stated, the child "has two very loving and capable parents who are properly providing for the child's needs." On April 7, 2003, the juvenile court denied the maternal grandmother's petition. We note that the maternal grandmother did not request grandparent visitation in either of the dependency petitions she filed in the juvenile court.
On August 15, 2003, the maternal grandmother filed a "motion for visitation" in the juvenile court. In her motion, she alleged that the child's parents are still married but that they had prohibited a relationship between her and the child. On October 1, 2003, J.D.R. moved to dismiss the motion for visitation because, J.D.R. asserted, the juvenile court no longer had jurisdiction over the matter. The juvenile court denied the motion to dismiss. Following ore tenus proceedings, the juvenile court entered an order on November 4, 2003, granting the maternal grandmother visitation with the child. J.D.R. appeals.
Section 30-3-4.1(b)(5), Ala.Code 1975, provides that a grandparent may file an original action for visitation rights to a minor child "[w]hen the child is living with both biological parents, who are still married to each other, whether or not there is *785 a broken relationship between either or both parents of the minor and the grandparent and either or both parents have used their parental authority to prohibit a relationship between the child and the grandparent." Section 30-3-4.1(c) provides that a grandparent may intervene in an action when a court has before it any question concerning custody of a minor child, a divorce proceeding of the parents, or a termination of parental rights where the proposed termination of parental rights is for the purpose of stepparent or relative adoption.
In the present case, the juvenile court entered a final order[1] on April 7, 2003, denying the maternal grandmother's request for custody. Four months later, on August 15, 2003, when the maternal grandmother sought visitation, there was no action involving a "question concerning the custody" of the child pending in the juvenile court into which the grandmother could intervene pursuant to § 30-3-4.1(c). Although this court has held that the juvenile court has jurisdiction to award grandparent visitation where the child was before the juvenile court on the grandparents' dependency/custody petition and the grandparents had sought visitation in the event that the juvenile court did not find the child dependent, see K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993), the maternal grandmother in the present case did not seek visitation as part of her dependency petition in the event that the child was found not to be dependent.
The juvenile court also did not have subject-matter jurisdiction to entertain an original action pursuant to § 30-3-4.1(b)(5). In Ex parte K.L.P., 868 So.2d 454 (Ala.Civ.App.2003), the grandparents petitioned the juvenile court for visitation, which the juvenile court granted. The mother then petitioned this court for a writ of mandamus, which we granted holding that the juvenile court did not have subject-matter jurisdiction to entertain an original petition for grandparent visitation pursuant to § 30-3-4.1, Ala.Code 1975. This court stated:
"The law governing juvenile proceedings is set out in § 12-15-1 through -176. The purpose of the juvenile court is to `facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court ... to preserve the public peace and security.' § 12-15-1.1. The Legislature limited the jurisdiction of the juvenile courts. § 12-15-30 (jurisdiction over children) and § 12-15-31 (jurisdiction over minors and adults).
". . . .
"`The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile court is well defined. These courts, in dealing with the welfare and interest of minors under a given age, *786 are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. But where a child is neglected or delinquent, and where the parent contributes to or is responsible for such neglect or delinquency, then the state has the paramount right, in the interest of the welfare of the child to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue.'
"47 Am.Jur.2d Juvenile Courts § 4 (1995).
"Section 12-15-30(b) provides that the juvenile court has exclusive original jurisdiction in proceedings to determine custody of a child `when the child is otherwise before the court.' The children in the present case are not before the court on any reason except the grandparents' petition for visitation. Cf. K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993)(the juvenile court had jurisdiction to award grandparent visitation where the child was before the court on the grandparents' dependency/custody petition and the grandparents subsequently sought visitation in the event that the court did not find the child dependent)."
868 So.2d at 456-57.
In J.W.J., Jr. v. P.K.R., [Ms. 2030304, August 20, 2004][*], the maternal grandparents filed an original action in the juvenile court seeking grandparent-visitation rights, pursuant to § 30-3-4.1. The juvenile court entered an order granting the maternal grandparents certain visitation rights, and the father appealed. This court held that because the juvenile court did not have jurisdiction to enter the judgment awarding visitation rights, the judgment was void; the appeal was therefore dismissed.
In the present case, the judgment entered by the juvenile court awarding grandparent visitation is void because the juvenile court lacked jurisdiction to award such visitation when no proceedings concerning the child were pending in the juvenile court. A void judgment will not support an appeal. Carter v. Hilliard, 838 So.2d 1062 (Ala.Civ.App.2002). Accordingly, we dismiss the guardian ad litem's appeal and direct the juvenile court to set aside its void order of November 4, 2003.
APPEAL DISMISSED WITH INSTRUCTIONS TO THE JUVENILE COURT.
CRAWLEY, THOMPSON, PITTMAN, and MURDOCK, JJ., concur.
NOTES
[1] a juvenile court's orders in a dependency case are never `final' in the sense that the court retains jurisdiction during the child's minority to modify its judgments upon a showing of changed circumstances, see Ashbee v. Cozart, 611 So.2d 1103, 1106 (Ala.Civ.App.1992), and Committee Comments, Rule 4, Ala. R.App. P., in order to exercise its continuing jurisdiction over a juvenile, the court must be presented with a properly filed new petition to modify its former judgment in which changed circumstances are alleged, cf. Ex parte Davidson, 782 So.2d 237, 240 (Ala.2000)(applying the principle with respect to modification of the child-custody provision in a divorce judgment), and Farmer v. Farmer, 842 So.2d 679 (Ala.Civ.App.2002)(applying the principle with respect to a petition to modify periodic alimony)."
W.T.M. v. S.P., 889 So.2d 572, 582 (Ala.Civ.App.2003) (Crawley, J., dissenting, with writing, which Yates, P.J., joined).
[*] Note from the reporter of decisions: On January 14, 2005, on application for rehearing, the Court of Civil Appeals withdrew its August 20, 2004, opinion in J.W.J. v. P.K.R. and substituted another one. The substituted opinion also held that the juvenile court did not have jurisdiction to enter the judgment awarding visitation rights and dismissed the appeal as being from a void judgment.