MURDOCK, Judge,
concurring in part and concurring in the result.
I agree with the fundamental principles upon which the main opinion is ultimately grounded, and accordingly I concur in overruling M.U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999). I concur in the result, rather than fully concurring in the main opinion, because the main opinion posits as correct certain notions that I do not believe to be correct. Because I cannot foresee down what “roads” those notions might lead us in some future case, I am compelled to explain my concerns and to set out what I believe to be the correct analytical route to the result reached. In so doing, I necessarily respond to the views expressed by Judge Thompson in his dissenting opinion.
Let me begin by saying that the main opinion, in my view, very much begins and ends on the correct road when it relies upon the principles so well-articulated in Ex parte K.L.P., 868 So.2d 454 (Ala.Civ. App.2003), and 47 Am.Jur.2d Juvenile Courts § 4 (1995). In K.L.P., this court first explained:
“In 1978, the Alabama Constitution was amended to create a unified judicial system consisting of ‘a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction knoum as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.’ Amendment No. 828, 6.01(a)(emphasis added [in K.L.P.]). The circuit court ‘shall exercise general jurisdiction in all cases except as may otherwise be provided by law.’ Amend. No. 328, 6.04(b).
[[Image here]]
“The law governing juvenile proceedings is set out in § 12-15-1 through -176. The purpose of the juvenile court is ‘to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court ... to preserve the public peace and security.’ § 12-15-1.1. The Legislature limited the jurisdiction of the juvenile courts. § 12-15-30 (jurisdiction over children) and § 12-15-31 (jurisdiction over minors and adults).
“Section 12-15-30(a) gives the juvenile court exclusive original jurisdiction over children who are alleged to be ‘delinquent, dependent, or in need of supervision.’ There is nothing in the grandparents’ complaint indicating that the mother is unfit or unwilling or unable to discharge her duties as a parent. The grandparents are simply seeking visitation with the children.”
868 So.2d at 456 (second emphasis added; footnote omitted). This court in K.L.P. then went on to exposit the fundamental principles underlying the difference in the limited jurisdiction of the juvenile court and the general jurisdiction of the circuit court in a passage that marks the beginning of the main opinion’s analysis in the present case:
“ ‘ “The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile court is well defined. These courts, in dealing with the welfare and interest of minors under a given age, are entirely independent of each other. Where the *189 contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. But where a child is neglected or delinquent, and where the parent contributes to or is responsible for such neglect or delinquency, then the state has the paramount right, in the interest of the welfare of the child, to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue.”
“ ‘47 Am. Jur.2d Jtivenile Courts § 4 (1995).
“‘Section 12 — 15—30(b)[, Ala.Code 1975,] provides that the juvenile court has exclusive original jurisdiction in proceedings to determine custody of a child “when the child is otherwise before the court.” The children in the present case are not before the court on any reason except the grandparents’petition for visitation. ...’
“[Ex parte K.L.P.,] 868 So.2d at 456-57.”
906 So.2d at 185 (some emphasis original; some emphasis added). The main opinion then extends the above-quoted passage from K.L.P. so as to include a reference to K.R.D. v. E.D., 622 So.2d 898 (Ala.Civ.App. 1993), a case which I will further discuss below, see note 6, infra, after which the main opinion continues as follows:
“The maternal grandparents argue that, notwithstanding the general rule that jurisdiction over grandparent-visitation cases is vested in the circuit court, the juvenile court had jurisdiction over their petition in the present case, they insist, because, two years before they filed their petition, the juvenile court had adjudicated the child’s paternity, awarded custody to the mother and visitation to the father, and ordered the father to pay child support. Thus, the maternal grandparents maintain, the child was ‘otherwise before the [juvenile] court’ within the meaning of § 12-15-30(b)(1), Ala.Code 1975. That section provides, in pertinent part:
“ ‘(b) The [juvenile] court shall ... exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
“ ‘(1) Proceedings to determine custody[2] or to appoint a legal custodian or guardian of the person of a child when the child is otherwise before the court.’
“Section 12-15-31(2), Ala.Code 1975, provides that the juvenile court shall have exclusive original jurisdiction ‘[i]n proceedings to establish paternity of a child born out of wedlock.’ The juvenile court first exercised jurisdiction over J.W.J., Jr., and P.E.R., the parents of the child, in a 2001 paternity action brought by the father. Issues of custody, visitation, and child support were adjudicated in the paternity action.
“2If a court has jurisdiction of child-custody issues, it implicitly has jurisdiction of visitation issues. See Moody v. Nagle, 811 So.2d 546 (Ala.Civ.App. 2001).”
906 So.2d at 185-86 (emphasis added).
Other than the subsequent paragraph of the main opinion in which M.U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999), is overruled, I would essentially end the analysis of the jurisdiction issue where I have ended the above quotation from the main opinion, with the exception of the following proposed suffix: “The paternity action *190 with respect to the child, however, has long been concluded. It no longer can be said that ‘the child is otherwise before the court.’ ”
The main opinion, however, takes what I consider to be a “detour” before arriving at the correct result. Specifically, the main opinion segues from the last above-quoted paragraph into a discussion of the fact that the child in the present case was not formally a party to the paternity proceeding. That notion is introduced by the main opinion as an alternative solution to an analytical roadblock that, in my view, is of the main opinion’s own creation. Specifically, the main opinion wrongly creates a temporary obstacle to reaching the correct result when it essentially couples the language in § 12 — 15—30(b)(1), Ala.Code 1975, and § 12 — 15—32(a), Ala.Code 1975, in a way that I do not believe was intended by our Legislature and that is inconsistent with the precepts reviewed in the above-quoted passages from K.L.P.
Section 12 — 15—30(b)(1) provides that the juvenile court shall exercise exclusive original jurisdiction in “[pjroceedings to determine custody or to appoint a legal custodian or guardian of ... a child when the child is otherwise before the court.” (Emphasis added.) Section 12 — 15—30(b)(1) thus expands the substantive remedial reach, or jurisdiction, if you will, of the juvenile court so as to include what may be referred to as pendant authority to address the custody of the child where that issue needs to be addressed in conjunction with a case otherwise properly before the juvenile court. Section 12 — 15—30(b)(l)’s verbiage — “when the child is otherwise before the court” — is in the present tense. It expands the remedial authority of the juvenile court in cases that are presently otherwise within the juvenile court’s jurisdiction. In the future, however, if and when the child at issue is no longer “otherwise before the court,” then by definition the court no longer has its pendant, remedial authority to determine custody. To put it differently, merely because expanded authority to determine custody under § 12 — 15—30(b)(1) comes into existence at one point in time does not mean that it continues to exist thereafter by itself. When the underlying juvenile case from which that authority derived is no longer pending — that is, when the child at issue no longer is “otherwise before the court”— the expanded authority to decide that child’s custody also dissipates.[4] Nor, for the reasons described below, is that pendant authority, standing alone, carried forward in time by the provisions of § 12-15-32(a).
Section 12-15-32(a) states that certain jurisdiction obtained by the juvenile court shall be retained by it. But what jurisdiction? The answer is stated in the plain language of § 12-15-32(a), and it is corroborated by an integrated understanding of the purposes of, and the various provisions of, the Juvenile Justice Act, § 12-15-1 et seq., Ala.Code 1975, and the intended role of the juvenile courts as described in K.L.P., and how the Juvenile Justice Act relates to other areas of our law pertaining to child custody and related matters. Section 12-15-32(a) provides, in pertinent part:
“For the purposes of this chapter, jurisdiction obtained by the juvenile court in *191 any case of a child shall be retained by it until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court.”
(Emphasis added.) Thus, the juvenile court retains jurisdiction “in any case of a child” brought under the Juvenile Justice Act. The act does not state that the juvenile court, merely because it once decides a case involving a child, thereafter and for all purposes retains jurisdiction over that child. It only retains jurisdiction as to that “case.”
In contrast to § 12 — 15—30(b)(1), § 12-15-32(a) expands not the present tense remedial reach of the juvenile court, but the temporal reach of the court. Moreover, by its terms it cannot, and in light of the above-quoted jurisdictional principles from K.L.P. should not, be construed as effecting a temporal extension of the juvenile court’s pendant authority, standing alone, to determine a child’s custody. Of course, if and when the “case” to which that custodial authority originally was pendant is, itself, once again before the court, then the child would once again be “otherwise before the court” and the pendant authority given to the court by § 12-15-30(b)(1) would once again spring into existence. That is not the case here. The paternity of the child is not once again at issue, and the child is not “otherwise before the court” under that or any other case within the jurisdiction of the juvenile court. As was true in K.L.P., “[t]he child[ ] in the present case [is] not before the court on any reason except the grandparents’ petition for visitation.” 868 So.2d at 456-57.
Nonetheless, the main opinion appears to conflate the directives of § 12-15-30(b)(1) and § 12-15-32(a) to conclude that, once a child has been before a juvenile court in any case over which the juvenile court has exclusive original jurisdiction, and the juvenile court exercises its pendant authority under § 12 — 15—30(b)(1) to address the custody of the child in that case, the juvenile court forevermore (at least until the child reaches the age of 21) retains jurisdiction over the custody of the child, even if the case to which that authority was pendant is no longer pending before the court. For the reasons explained above, § 12 — 15—30(b)(1) and § 12-15-32(a) have different purposés. The manner in which the main opinion posits the issue represents in my view an incorrect meshing of the expansion of the juvenile court’s remedial authority under § 12 — 15—30(b)(1) with the temporal expansion of the juvenile court’s authority under § 12-15-32(a).
The main opinion suggests that one way around this analytical roadblock (albeit, in the words of the main opinion, a “technical” way, and one that the main opinion ultimately chooses not to rely upon), would be to recognize that when a child is not a formal party to a juvenile-court action, it cannot be said that “the child is otherwise •before the court.” Again, for the reasons stated above, I see no need to find a way around this analytical roadblock because, in my view, it is a false roadblock. More importantly, however, I find it necessary to register my disagreement with the proposition set forth — namely', that “[w]hen the child has not been made a party to a paternity proceeding, it is not accurate to say that the child is ‘otherwise before the [juvenile] court’ within the meaning of § 12-15-30(b)(l).” 906 So.2d at 186 (emphasis omitted). To the contrary, if the case is one involving a matter such as paternity, dependency, a child in need of supervision, or delinquency, that is exactly what the phrase “otherwise before the court” means under § 12 — 15—30(b)(1). (The same is true of the phrase “case of a child” in § 12-15-32(a).) Indeed, for almost two and a half decades (since the *192 Juvenile Justice Act was adopted) custody-decisions that juvenile courts would not otherwise have had jurisdiction to make have been made precisely on that basis, i.e., that the child, though not formally a party to the proceeding, was “before the court.” (Likewise, for almost two and a half decades, the juvenile courts of this state have retained jurisdiction in “case[s] of [children],” despite the fact that the children were not formally made parties to those actions.)
Having said the foregoing, I reiterate what I stated at the outset: I believe the main opinion reaches the right result[5] and, in my opinion, rightly returns to the fundamental jurisdictional principles stated in K.L.P. in order to do so. I believe those principles correctly point to the Legislature’s intended division of authority between our juvenile and circuit courts, and that the language of the statutes at issue is fully consistent with those principles.[6] It is on these bases that I concur in the result reached by the main opinion.

. Similar to § 12-15-30(b)(l), § 26-17-14(d), Ala.Code 1975, provides that when a trial court enters a judgment of paternity, it may include in that judgment other provisions appropriately addressed in connection with the resolution of a paternity case, including provisions concerning child support and custody. As in the case of § 12 — 15—30(b)(1), when a paternity action is no longer pending before the trial court, the authority to decide custody is no longer prescribed to that court under the terms of § 26-17-14(d).

. If the result reached in this case were not the correct one, it would mean that, if an infant's paternity had been adjudicated by a juvenile court, and thereafter the child's parents had married, but 15 years later were pursuing a divorce in the circuit court, the issue of custody of that child would have to be decided by the juvenile court. That is not the division of authority that I believe was intended by our Legislature.

. Accordingly, I also agree with the main opinion's overruling of this court's decision in M.U., 751 So.2d 22. Similarly, the division of authority between juvenile and circuit courts that is, in my view, prescribed by our statutes is at odds with the approach utilized by the Court of Civil Appeals in K.R.D., 622 So.2d 398, and K.S. v. H.S., 900 So.2d 1223 (Ala. Civ.App.2004). I therefore also would overrule those decisions to the extent they vest jurisdiction in the juvenile court over actions brought under our grandparent-visitation statute as to children who are not found to be dependent.
I also believe this court’s approach to the issue of the juvenile court’s jurisdiction over a petition for grandparent visitation in K.R.D. is in tension with the principles upon which this court recently decided the case of J.D.R. v. M.M.E., 898 So.2d 783 (Ala.Civ.App.2004). In J.D.R., the juvenile court had denied a maternal grandmother's petition seeking a determination that her grandchild was dependent. This court held that a petition subsequently filed by the grandmother seeking only visitation of the child pursuant to § 30-3-4.1(c), Ala.Code 1975, was not within the jurisdiction of the juvenile court.
The distinctions drawn in Judge Thompson's dissenting opinion (a) between K.R.D. and K.S., on the one hand, and J.D.R., on the other hand, and (b) between K.L.P. and the present case, are, to my mind, distinctions without differences insofar as the rationale I have attempted to articulate in this writing.
Finally, the Court of Civil Appeals' decision in K.R.D., allowing a juvenile court to decide the issue of grandparent visitation where the juvenile court found that there was no parental unfitness or other dependency on the part of a child would appear to be in tension with the fundamental rights of parents to the care, custody, and control of their children as recognized in cases decided since K.R.D. See Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); L.B.S. v. L.M.S., 826 So.2d 178, 187-199 (Ala.Civ.App.2002) (Murdock, J., concurring in the judgment of reversal only); and R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001).