THOMPSON, Judge,
dissenting.
Upon careful consideration and further reflection of the jurisdictional issue presented in this case, I believe that the juvenile court had subject-matter jurisdiction to entertain the maternal grandparents’ petition for visitation; therefore, I do not agree that the maternal grandparents’ application for rehearing should be denied. Accordingly, I respectfully dissent.
As noted in the main opinion, pursuant to § 12-15-31(2), Ala.Code 1975, the juvenile court has exclusive jurisdiction in proceedings to establish the paternity of a child born out of wedlock. Pursuant to *193 § 12-15-32(a), Ala.Code 1975, once the juvenile court obtains jurisdiction in the case of a child, jurisdiction shall be retained by the juvenile court until the child is 21 years old or until its jurisdiction is terminated by order of the juvenile court.
I do not agree with the main opinion and the special writing of Judge Murdock concurring in part and concurring in the result that this court should overrule M. U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999). In M. 17., this court held that a prior paternity action involving a child, wherein the issues of paternity and child support were decided, gives the juvenile court jurisdiction over a subsequently filed petition for grandparent visitation involving the same child. 751 So.2d at 24.
In the present case, in addition to establishing the paternity of the child in the prior paternity action, the juvenile court also decided issues of custody, visitation, and child support. Although the mother subsequently died and the father assumed custody of the child, the juvenile court’s judgment was never modified. In M.U., as in the present case, the juvenile court in the prior paternity action, in addition to establishing paternity of the child, assumed jurisdiction over other matters involving the child. Thus, because issues of custody, visitation, and child support were adjudicated in the paternity action in the present case and because any alteration of those matters would be a modification of the juvenile court’s judgment, I believe that the juvenile court had jurisdiction over the grandparents’ petition for visitation.[7]
As we stated in M. U., the “cases applying § 12-15-32 have recognized no exception to the plain language of the statute.” M.U., 751 So.2d at 24. In the present case, the petition for grandparent visitation was filed in the juvenile court. The juvenile court never entered an order relinquishing jurisdiction, and nothing was filed to effect a transfer of the matter to the circuit court.
I also believe that the facts in the present case are clearly distinguishable from the facts in Ex parte K.L.P., 868 So.2d 454 (Ala.Civ.App.2003), upon which the main opinion and the special writing of Judge Murdock heavily rely. In K.L.P., the grandparents filed separate petitions for visitation with their two grandchildren alleging that the children were “ ‘dependent upon contact’ with them and that lack of continued visitation would cause emotional distress to the grandchildren.” 868 So.2d at 455. Both petitions were entitled “Petition for Visitation and/or Dependency.” 868 So.2d at 456 n. 3. Following ore tenus proceedings, the juvenile court entered a judgment granting the grandparents visitation with the children. The mother appealed contending that the juvenile court lacked jurisdiction. This court treated the appeal as a petition for a writ of mandamus. 868 So.2d at 455.
This court granted the mother’s petition for a writ of mandamus and ordered the juvenile court to dismiss the grandparents’ petitions for lack of jurisdiction. In so doing, this court looked beyond the nomenclature of the grandparents’ petitions and *194 concluded that those petitions did not allege that the children were dependent but only sought visitation with the children. Thus, this court held that the juvenile court lacked jurisdiction of the grandparents’ petitions for visitation. 868 So.2d at 456-57.
In K.L.P., unlike in the present case, the only reason the children were ever before the juvenile court was the grandparents’ petitions for visitation. Id. As previously stated, in the present case the child was before the juvenile court in the prior paternity action and in that action, in addition to establishing paternity, the juvenile court also decided issues of custody, visitation, and child support. The juvenile court never relinquished its jurisdiction.
I also do not agree with Judge Mur-dock’s suggestion that this court should overrule K.S. v. H.S., 900 So.2d 1223 (Ala. Civ.App.2004), and K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993). In K.R.D., as noted in K.S., this court held that a juvenile court has jurisdiction to award grandparent visitation where the child is before the juvenile court on the grandparents’ dependency/custody petition and the grandparents seek visitation rights in the event the juvenile court does not find the child to be dependent.
Further, I do not agree with Judge Murdock that K.R.D. is at tension with J.D.R. v. M.M.E., 898 So.2d 783 (Ala.Civ. App.2004). K.R.D. and J.D.R. are distinguishable from one another based on the facts of each case. In K.R.D. the grandparents filed a dependency/custody petition and during the trial sought visitation rights in the event the juvenile court did not find the child to be dependent. In J.D.R., unlike K.R.D., the maternal grandmother filed a petition in the juvenile court alleging that the child was dependent and seeking custody of the child; the grandmother did not seek visitation in the event she was not awarded custody. Following ore tenus proceedings, the juvenile court entered a judgment finding that the child was not dependent and denied the grandmother’s petition; that judgment effectively disposed of the juvenile court’s jurisdiction of that matter. Several months later, the grandmother filed, as an independent action, a petition for grandparent visitation in the juvenile court. The guardian ad litem for the child moved to dismiss. Following an ore tenus proceeding, the juvenile court entered a judgment granting the grandmother visitation with the child. The guardian ad litem appealed. This court dismissed the appeal based on our conclusion that the juvenile court lacked jurisdiction of the grandmother’s petition for visitation. However, it appears that in J.D.R. this court would have reached a different result with regard to the jurisdiction of the juvenile court if the issue of visitation had been raised and decided in the prior dependency action.
On the basis of the foregoing analysis and authorities, I dissent.
PITTMAN, J., concurs.

. I note, as does the main opinion, that M.U. is silent as to whether the child was made a party to the prior paternity action in that case. However, I do not believe that the fact that the child was not made a party to the prior paternity action in the present case is dispositive of the jurisdictional issue presented for our review. Cf. P.R.G. v. W.P.R., 590 So.2d 913 (Ala.Civ.App.1991), and Rowe v. State, 365 So.2d 1247 (Ala.Civ.App. 1979) (both holding that where the circuit court had assumed jurisdiction over a child in a divorce action by determining custody of. that child, that circuit court retained jurisdiction over the child until the child reached the age of majority).