PER CURIAM.
K.S. (“the mother”) appeals from the judgment of the Autauga Juvenile Court awarding custody of A.W.R. (“the child”) to the child’s paternal grandparents, H.S. and G.S. For the reasons discussed below, we conclude that the juvenile court did not have subject-matter jurisdiction over this action; thus, the order from which the mother appeals is void, and we must dismiss the appeal. See Clark v. Clark, 682 So.2d 1051, 1052 (Ala.Civ.App.1996).
The instant action was initiated on December 6, 2004, when the child’s paternal grandmother, H.S. (“the grandmother”), filed an emergency petition in the juvenile court seeking “temporary custody” of the child, who was living with the mother. No other issue concerning the child was pending before the juvenile court. The juvenile court granted the grandmother’s petition the same day, awarding “temporary custody” to the grandmother. Subsequently, disputes arose between the mother and the grandmother regarding visitation and the mother’s telephone contact with the child. *418 The parties were unable to resolve those disputes themselves, and they sought to have the juvenile court resolve those disputes over the course of the next two years, while the juvenile court’s final determination on the grandmother’s petition was pending.
The final hearing on that petition was not held until the spring of 2007. There is no explanation offered by the parties or in the record as to why there was a delay of more than two years between the entry of the December 6, 2004, order granting the grandmother “temporary custody” and the final hearing on the matter, which was held in February and March 2007. We note that, after the hearing, another year passed before the juvenile court entered its final judgment in this case.
In July 2007, while the juvenile court’s decision on the issue of custody was pending, the mother filed a motion to regain custody of the child, who had been in the grandmother’s custody since the entry of the juvenile court’s December 2004 order awarding the grandmother “temporary custody.” In her motion, the mother claimed that the grandmother was refusing to allow her to have visitation with the child or to allow the child to see his half brothers. Again, there is no indication in the record or in the parties’ briefs on appeal as to why the mother did not seek to regain custody of the child for more than two years. On March 4, 2008, the juvenile court entered a final judgment awarding custody of the child to the paternal grandparents.[1] It is from that judgment that the mother appeals, arguing that the juvenile court erred in awarding custody to the grandmother without finding that the mother was unfit.
Although the parties did not raise the issue of subject-matter jurisdiction, this court is “ ‘duty bound to notice ex mero motu the absence of subject-matter jurisdiction.’” Baldwin County v. Bay Minette, 854 So.2d 42, 45 (Ala.2003) (quoting Stamps v. Jefferson County Bd. of Educ., 642 So.2d 941, 945 n. 2 (Ala.1994)).
“ ‘On questions of subject-matter jurisdiction, this Court is not limited by the parties’ arguments or by the legal conclusions of the trial and intermediate appellate courts regarding the existence of jurisdiction. Rather, we are obligated to dismiss an appeal if, for any reason, jurisdiction does not exist. See Ex parte Smith, 438 So.2d 766, 768 (Ala.1983) (“Lack of subject-matter jurisdiction may not be waived by the parties and it is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu.” (citing City of Huntsville v. Miller, 271 Ala. 687, 688, 127 So.2d 606, 608 (1958))).’
“Ex parte Alabama Dep’t of Human Res., 999 So.2d 891, 894-95 (Ala.2008).”
Championcomm.net of Tuscaloosa, Inc. v. Morton, 12 So.3d 1197, 1199 (Ala.2009).
A juvenile court has jurisdiction in proceedings involving a child who is alleged to be dependent, § 12-15-30(a), Ala.Code 1975, and in custody proceedings when the child is “otherwise before the court.” § 12-15 — 30(b)(1), Ala.Code 1975. As mentioned above, at the time the grandmother filed her petition in this case, the child was not “otherwise before the court.” In her 2004 petition seeking “temporary custody” of the child, the grandmother did not allege that the child was dependent. Without providing specific examples or grounds, the grandmother asserted that the mother *419 was “unfit to care for the minor child in that she does not have the parenting skills, maturity nor the financial ability” to care for him, but she did not provide any specific instances of how the mother was unfit to care for the child. The grandmother also acknowledged in the petition that she had not seen or had any communication with the child in the two years before she filed the 2004 petition. She also alleged that she was worried about the strain the child was under because of the mother’s frequent moves and because the child was “being withheld” from the grandmother.
The majority of the allegations set forth in the 2004 petition concerned the grandmother’s assertion that the mother was depriving her of visitation rights established in an earlier proceeding. For example, the grandmother alleged that the mother had “taken great pleasure in depriving the minor child from any contact” with the grandmother and had “viciously taunted and tortured” the grandmother by letting other individuals know that the child had visited Autauga County without the mother informing the grandmother of those visits.
The facts in this case are similar to those in K.R. v. D.H., 988 So.2d 1050 (Ala.Civ.App.2008), a custody case that arose out of a dispute between a child’s mother and the child’s paternal grandmother over the child’s education. In K.R., the child’s paternal grandmother petitioned the court for custody, alleging, among other things,
“that the mother was unemployed and owned no vehicle, that the residents of the mother’s home smoked ‘incessantly’ to the point of necessitating medical treatment for the child, that the mother had agreed to allow the child to attend the private school and live with the paternal grandmother, that the child had ‘performed very well’ at the private school, and that the mother ‘for no stated reason ... has determined that the child will no longer live with [the paternal grandmother] ... and [will] return to her residence and attend [public school].’ ”
Id. at 1051. The juvenile court in K.R. granted the paternal grandmother’s petition for custody. This court reversed the juvenile court’s order, concluding that “[bjecause at its heart the paternal grandmother’s petition for custody is based on a dispute between the mother and the paternal grandmother over which would be the better custodian and which would provide the better education, the juvenile court was wrong to treat the case as a dependency case.” Id. at 1052-53. Because the child was not otherwise before the juvenile court, this court concluded that the juvenile court did not have jurisdiction over the parental grandmother’s petition and that the judgment awarding custody to the paternal grandmother was therefore void.
At its heart, the grandmother’s 2004 petition in this case was based on a dispute between the mother and the grandmother over visitation. From a complete reading of the petition filed in 2004, it is clear that the grandmother’s purpose in seeking custody was not out of a fear that the child was being abused or in any way mistreated. Indeed, she alleged that she had not seen the child in the two years before she filed the 2004 petition. Her purpose in filing the petition was to gain custody of the child, at least temporarily, because she was being deprived of visitation. Because the 2004 petition could not properly be treated as a dependency petition, we cannot hold that the juvenile court had jurisdiction on the basis that the child was before that court on a dependency petition. See K.R., supra; see also Ex parte K.L.P., 868 So.2d 454, 457 (Ala.Civ.App.2003) (grandparents’ allegation that the “ ‘lack of continued contact and visitation between *420 the said child and petitioners will cause emotional distress’ ” was not in the nature of an allegation seeking to protect the child from “abuse” and warranting intervention by the juvenile court).
Because the juvenile court did not have subject-matter jurisdiction and the child was not “otherwise before the court” when the juvenile court considered the grandmother’s 2004 petition, the circuit court was the only court with jurisdiction to determine the issue of custody raised in the grandmother’s 2004 petition. Accordingly, the juvenile court’s order of March 4, 2008, purporting to award custody of the child to the grandmother is void. A void judgment will not support an appeal. Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App.2002). Therefore, this appeal must be dismissed.
For the reasons set forth above, the juvenile court did not have jurisdiction to grant the grandmother’s 2004 petition seeking custody of the child. Therefore, that judgment is void and will not support an appeal. Accordingly, this appeal is dismissed and the juvenile court is instructed to vacate its order of March 4, 2008.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
MOORE, J., concurs in the result, without writing.

. Although G.S., the child’s paternal grandfather, was not a party to the action, the juvenile court purported to award custody to him and the grandmother. G.S. is not a party to this appeal.