46 So.3d 499 (2010)
K.C.G.
v.
S.J.R.
2080973.
Court of Civil Appeals of Alabama.
March 26, 2010.
*500 J. Ross Self of Leonard & Self, Attorneys at Law, LLC, Warrior, for appellant.
Barry Johnson Parker and W. Don Bolton of Barry Johnson Parker LLC, Fairhope, for appellee.
MOORE, Judge.
In January 2008, S.J.R. ("the paternal grandmother") filed a petition seeking to have her grandchild, H.A.G. ("the child"), declared dependent by the Baldwin Juvenile Court ("the juvenile court") and to have the child's legal custody awarded to her. The juvenile court originally entered a judgment granting the paternal grandmother's petition, without holding a hearing, based on consent forms that were signed and filed by the child's parents, K.C.G. ("the mother") and D.H.G. ("the father"). The mother filed a Rule 60(b), Ala. R. Civ. P., motion, and the juvenile court subsequently granted that motion and set aside its judgment granting the paternal grandmother's petition. Thereafter, the juvenile court set the case for trial.
*501 At the outset of the trial, the attorney for the paternal grandmother reminded the juvenile court that it had earlier "made note that [the juvenile court was] treating thisconverting this to [the paternal grandmother's] petition for custody." The attorney for the mother did not object, and the trial proceeded on the sole issue whether the paternal grandmother should be awarded custody of the child. Following the trial, the juvenile court concluded that, due to her lack of financial resources, immaturity, and poor parental decision-making, the mother was unfit to have custody of the child, and it awarded the paternal grandmother custody of the child. The juvenile court also ordered the mother to pay child support to the paternal grandmother. The mother timely appealed to this court, contesting the custody and child-support aspects of the judgment.
"Although neither party has raised an issue regarding this court's jurisdiction, `"jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu."'" C.D.S. v. K.S.S., 963 So.2d 125, 129 n. 3 (Ala.Civ.App.2007) (quoting Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ. App.1997), quoting in turn Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). This court has no appellate jurisdiction over a void judgment. K.R. v. D.H., 988 So.2d 1050, 1052 (Ala.Civ.App.2008). A judgment is void if it is entered by a court without subject-matter jurisdiction. Id. We conclude that the juvenile court did not have subject-matter jurisdiction to enter the judgment at issue in this appeal, and we therefore dismiss this appeal.
Juvenile courts, as courts of limited jurisdiction, only have subject-matter jurisdiction as expressly conferred by statute. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). "A juvenile court has jurisdiction in proceedings involving a child who is alleged to be dependent, § 12-15-30(a), Ala.Code 1975, and in custody proceedings when the child is `otherwise before the court.' § 12-15-30(b)(1), Ala. Code 1975."[1]K.S. v. H.S., 18 So.3d 417, 418 (Ala.Civ.App.2009).
The paternal grandmother properly invoked the dependency jurisdiction of the juvenile court when she filed her petition in January 2008. See Ala.Code 1975, former 12-15-30(a)[2] ("The juvenile court shall exercise exclusive original jurisdiction of proceedings in which a child is alleged to be ... dependent...."); see also CP. v. M.K., 667 So.2d 1357, 1360 (Ala.Civ.App. 1994) ("When the petitioners alleged that the child was dependent, that terminology triggered the trial court to utilize the dependency statutes of the juvenile code.").
Once the dependency jurisdiction of a juvenile court has been properly invoked, the juvenile court has an imperative statutory duty to conduct an evidentiary hearing to determine the dependency of the child. Ex parte Linnell, 484 So.2d 455, 457 (Ala.1986) ("[P]ursuant to § 12-15-65, [Ala.Code 1975,[3]] a hearing on the merits of the petition itself is required to determine if the children are, in fact, dependent...."); see also Ex parte W.H., 941 So.2d 290, 299 (Ala.Civ.App.2006). If a juvenile court determines that the child is not dependent, the court must dismiss *502 the dependency petition. Ala.Code 1975, former § 12-15-65(d). On the other hand, if, and only if, a juvenile court finds that the child is dependent, the court may then conduct proceedings to determine the custodial disposition of the child. Ala.Code 1975, former § 12-15-65. Ex parte K.S.G., 645 So.2d 297 (Ala.Civ.App.1992) (holding that juvenile court never assumed jurisdiction to determine issue of custody of child when evidence revealed that there was no emergency situation rendering the child dependent as alleged in mother's petition); Ex parte J.R.W., 630 So.2d 447 (Ala.Civ.App.1992) (holding that juvenile court that had never declared child dependent had no jurisdiction to enter order affecting visitation rights of father); J.W. v. W.D.J., 743 So.2d 467, 469 (Ala.Civ.App. 1999) (holding that once juvenile court found children dependent, it had exclusive jurisdiction to determine their custody); Ex parte W.H., supra (holding that juvenile court erred in transferring custody of allegedly dependent child without holding evidentiary hearing to ascertain dependency of child); C.D.S. v. K.S.S., supra (holding that juvenile court that determined child was not dependent had no jurisdiction to thereafter determine custody of child); and E.H. v. N.L., 992 So.2d 740 (Ala.Civ.App.2008) (holding that, when evidence did not prove dependency of child as alleged in complaint, but revealed pure custody dispute, juvenile court was without jurisdiction to determine custody of child). As this court recently stated: "`[I]n order to make a disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition.'" V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep't of Human Res., 897 So.2d 379, 389 (Ala.Civ.App.2004) (Murdock, J., concurring in the result)).
In this case, the juvenile court announced to the parties that it did not intend to treat the case as a dependency action but that it intended to determine only the custody of the child. The juvenile court then entered a judgment in which it did not declare the child dependent, but merely decided that the paternal grandmother should have custody of the child due to the mother's unfitness. This court addressed an almost identical scenario recently in T.B. v. T.H., 30 So.3d 429 (Ala. Civ.App.2009). In T.B., the Lee Juvenile Court took jurisdiction over a petition alleging the dependency of a child. At the adjudicatory hearing on the petition, the judge declared that, although dependency had been alleged, he considered the case to be more in the nature of a custody case, which statement was subsequently included in the final judgment. The Lee Juvenile Court awarded custody of the child to the child's maternal grandmother, based not on a finding of dependency and that such custody served the best interests of the child, but on a finding that the mother of the child had voluntarily relinquished custody of the child to the child's maternal grandparents and that the mother of the child was unfit to recover custody of the child. On appeal, this court, ex mero motu, determined that the Lee Juvenile Court had acted outside its jurisdiction. The court stated:
"Juvenile courts are purely creatures of statute and have extremely limited jurisdiction. See Ex parte K.L.P., 868 So.2d 454, 456 (Ala.Civ.App.2003). That limited jurisdiction allows a juvenile court to make a disposition of a child in a dependency proceeding only after finding the child dependent. V.W. v. G.W., 990 So.2d 414, 417 (Ala.Civ.App.2008) (quoting K.B. v. Cleburne County Dep't of Human Res., 897 So.2d 379, 389 (Ala. Civ.App.2004) (Murdock, J., concurring in the result)) (`"[I]n order to make a *503 disposition of a child in the context of a dependency proceeding, the child must in fact be dependent at the time of that disposition."'").
"In the case at bar, the maternal grandparents' allegation that the child was dependent was the only basis for the juvenile court's jurisdiction to make a final determination as to the custody issue. In the final judgment and in his earlier oral pronouncement, the juvenile-court judge declared that he had found that the maternal grandparents had proven the material allegations in their petition by clear and convincing evidence. That statement, standing alone, would indicate that the juvenile court had found the child dependent. The maternal grandparents did allege in their petition that the child was dependent, and allegations of dependency must be proven by clear and convincing evidence. See Ala.Code 1975, § 12-15-65(f). However, the judge plainly stated in the judgment, as he did at the end of the final hearing, that `the [juvenile court] is of the opinion that even though dependency is alleged, ... this, in fact, is a custody case.' See A.L. v. S.J., 827 So.2d 828, 833 (Ala.Civ.App.2002) (when parties disputed whether underlying action was dependency action, facts that trial court, a juvenile court, stated that `"[t]here is nothing that does indicate that this is a dependency case"' and that trial court made no express finding of dependency supported conclusion that action was not a dependency action). Based on that premise, the court then proceeded to find that the mother had voluntarily relinquished custody of the child to the maternal grandparents and that the mother was unfit to have custody of the child. Those findings are essential to overcome the presumption in favor of parental custody in a child-custody case between a parent and a nonparent, see Ex parte Terry, 494 So.2d 628 (Ala.1986) (also holding that those facts must be proven by clear and convincing evidence), but those findings are not required in a dependency case. See O.L.D. v. J.C., 769 So.2d 299, 302 (Ala.Civ.App.1999) (`This case is not simply a custody dispute between a parent and nonparent, but, rather, is a dependency case; therefore, Terry is not applicable.'); J.P. v. S.S., 989 So.2d 591 (Ala.Civ.App.2008); and W.T.H. v. M.M.M., 915 So.2d 64 (Ala.Civ.App. 2005); see also K.B. v. Cleburne County Dep't of Human Res., 897 So.2d 379, 387 (Ala.Civ.App.2004) (holding that Terry `"parental unfitness"' standard is `more stringent' than the dependency `best interests' standard). Likewise, the finding that the maternal grandparents had met the [Ex parte] McLendon[, 455 So.2d 863 (Ala.1984),] standard is inconsistent with a disposition under the dependency statute, which is governed by the `best interests' standard. See L.L.M. v. S.F., 919 So.2d 307, 311 (Ala. Civ.App.2005) (`Because this is a dependency case, the juvenile court needed to determine only if transferring legal custody of the child to the father was in the best interest of the child.... The juvenile court's determination of dependency obviated any necessity to apply the heightened custody-modification standard found in Ex parte McLendon.'). We therefore conclude that the final judgment reflects the juvenile court's intention to treat the case as a custody case, not a dependency case. Once the juvenile court decided that the case would not be decided on dependency principles, the juvenile court had no jurisdictional basis for determining custody of the child...."
30 So.3d at 430-31 (footnote omitted; emphasis added); see also M.P. v. CP., 8 So.3d 316 (Ala.Civ.App.2008) (Talladega Juvenile Court lacked subject-matter jurisdiction *504 over father's petition alleging dependency of children, which juvenile court acknowledged three times during trial; action was actually a veiled custody dispute within the jurisdiction of the Talladega Circuit Court in a divorce action).
The facts of this case essentially rest on all fours with the facts in T.B. Like in T.B., a relative petitioned for a declaration of dependency and custody of a child. Like in T.B., the juvenile court elected to treat the action as a custody dispute. Like in T.B., the juvenile court did not find the child dependent, but it awarded custody to the paternal grandmother solely on the basis of the unfitness of the mother. Like in T.B., the child was not "otherwise before the court" such that the juvenile court would have had jurisdiction under former § 12-15-30(b) to decide a pure custody dispute.[4] In accord with T.B., once the juvenile court recognized that the case did not involve a question of dependency, it lost jurisdiction over the remaining subject matter, i.e., the dispute over the custody of the child. Therefore, the juvenile court's judgment awarding custody of the child and child support to the paternal grandmother is void. The mother's appeal from that judgment is therefore dismissed, albeit with instructions to the juvenile court to vacate its void judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.
NOTES
[1] Effective January 1, 2009, Ala.Code 1975, § 12-15-30, was amended and renumbered as Ala.Code 1975, § 12-15-114. See Act. No. 2008-277, § 3, Ala. Acts 2008.
[2] When the paternal grandmother filed her petition, Ala.Code 1975, § 12-15-30, controlled subject-matter jurisdiction of juvenile courts. See supra note 1.
[3] Effective January 1, 2009, Ala.Code 1975, § 12-15-65, was amended and renumbered as Ala.Code 1975, § 12-15-129. See Act No. 2008-277, § 7, Ala. Acts 2008.
[4] See supra notes 1 and 2. Former § 12-15-30(b)(1) provided that juvenile courts shall exercise exclusive original jurisdiction of, among other proceedings, "[p]roceedings to determine custody ... of a child when the child is otherwise before the court," meaning that the juvenile court had acquired and retained jurisdiction over the child on a basis independent from its dependency jurisdiction. See S.B.U. v. D.G.B., 913 So.2d 452, 455 (Ala. Civ.App.2005).