This is a divorce case.
Following an ore tenus proceeding, the trial court divorced the parties. A subsequent hearing was held on the husband's motion to vacate judgment, which was denied. This appeal followed. We affirm.
Initially, we find it important to note that prior to the rendering of a final judgment, this action remained pending for approximately two years, during which it was repeatedly set for trial and ultimately continued. On October 18, 1988, the attorneys for both parties were notified of the trial *Page 962 
court's order setting the case for trial on November 3, 1988. On October 26, 1988, the husband filed a motion for a pretrial conference.
This motion was denied, and a final judgment granting the wife's petition for divorce was entered on November 4, 1988, divorcing the parties; granting the wife custody of the minor child, Elizabeth Joan Heller, without disturbing the juvenile court's order of custody of Kenneth David Heller in the wife's parents; deferring visitation rights of the husband; and awarding child support in the amount of $50 per week.
The husband first asserts that the trial court erred in failing to grant his motion for pretrial conference. In support of this position, he cites Rule 16, Alabama Rules of Civil Procedure, which states:
 "In any action the court may of its own motion, or shall on timely written notice by any party to the cause, direct and require the attorneys for the parties to appear before it, at least 20 days before the case is set for trial, for a conference. . . ." (Emphasis supplied.)
Here, the husband's request for a pretrial conference was not filed until after the order setting the date for trial. In order for the trial court to have complied with the time provision set forth in Rule 16, A.R. Civ.P., it would have been faced with once again continuing this case. We do not find the court's refusal to do so an abuse of its broad discretion to grant or deny such motions. Madison v. Weldon,446 So.2d 21 (Ala. 1984).
Furthermore, we recognize that prior to other continuances, the husband filed numerous motions for pretrial conferences, which were not granted. However, even assumingarguendo that the trial court erred in failing to grant those motions, we do not find that such error would have presented any impediment to the husband's defense; thus, it would have constituted harmless error. Walls v. Bank ofPrattville, 554 So.2d 381 (Ala. 1989).
The husband next raises several issues regarding the trial court's failure to comply with standing orders of the Fourteenth Judicial Circuit governing child support and visitation. As regards the issue of child support, guidelines for such an award are set forth in Rule 32 of the Alabama Rules of Judicial Administration. Such guidelines, however, were not made mandatory until October 9, 1989, and prior to that date served only as guidance in setting the amounts of such awards, rather than mandating those amounts. Davis v. Davis,535 So.2d 183 (Ala.Civ.App. 1988).
Moreover, the amount of child support awarded is within the sound discretion of the trial court and will not be set aside absent a manifest abuse of that discretion. Hall v.Hall, 391 So.2d 122 (Ala.Civ.App. 1980). We do not find the trial court's award to be so excessive as to exceed the reasonable limits of its discretion to make such awards. Evidence was presented that the husband is employed with a real estate company and that he is a licensed attorney. The capacity to earn is a factor that the trial court may consider in determining the amount to be awarded for support of a child.Hamilton v. Hamilton, 428 So.2d 65 (Ala.Civ.App. 1983). Consequently, we find no error with respect to this issue.
Additionally, visitation is a matter within the trial court's discretion and is a factor in determining the best interests of the child. Fricks v. Fricks, 428 So.2d 80
(Ala.Civ.App. 1983). In view of the wife's testimony regarding the husband's alleged physical abuse of the children, we find no error in the trial court's refusal to incorporate the standing orders of the Fourteenth Judicial Circuit with respect to visitation in its order of divorce,
Finally, the husband maintains that the trial court erred in refusing to exercise jurisdiction over the issue of custody of the minor child, Kenneth David Heller. The maternal grandparents of that child had previously been awarded custody by the juvenile court, which retained jurisdiction over the matter pursuant to § 12-15-32, Ala. Code 1975 (1986 Repl.Vol.). That section provides that jurisdiction is retained by the juvenile court until the child reaches the age of twenty-one or until the court, by *Page 963 
its own order, terminates jurisdiction. In view of the continuing custody jurisdiction of the juvenile court over the child in question, the trial court properly recognized that it was without jurisdiction to address this matter. See Rowev. Hill, 365 So.2d 1247 (Ala.Civ.App. 1979).
This case is, therefore, due to be affirmed.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.