ROBERTSON, Presiding Judge.
During June 1997, the Lawrence County Juvenile Court entered a default judgment adjudicating K.W. to be the father of B.J.W., a minor child born to M.U. (“the mother”) and ordering K.W. to pay child support.[1]
On September 8, 1997, M.W. filed a “petition to intervene,” in the Lawrence County Circuit Court, seeking grandparent visitation. M.W. alleged that she was the paternal grandmother of the child. Based on the petition for intervention, the circuit court designated the mother as the plaintiff in that action and served her with M.W.’s petition for intervention. Although the father was designated as the defendant in the circuit court action, he was not initially served with legal process regarding that action.
In early December 1997, the circuit court entered an order granting M.W. temporary visitation; at that time in the proceedings the mother was not represented by counsel. On December 12, 1997, the mother retained a lawyer; the lawyer filed a motion to set aside the trial court’s temporary order on the grounds that jurisdiction was proper only in the juvenile court and that there was no basis in any statute or rule for MW.’s intervention. On December 12, 1997, the court entered an order suspending its temporary order of visitation and set the matter for a hearing. On January 23, 1998, the father filed a petition seeking to establish visitation and to modify the child support order. On January 27, 1998, the mother filed a petition seeking to dismiss the father’s petition on the ground that jurisdiction was proper only in the juvenile court.
On February 13, 1998, the circuit court entered an order setting aside its order of temporary visitation, on the ground that it did not have jurisdiction over the parties. The February 13, 1998, order also stated:
“The petition of [the father], is properly before the Court seeking to establish visitation and to modify child support and [the mother] shall file any further objections or pleadings to the petition, not heretofore presented, within the time as allowed by law.”
On March 6,1998, M.W. filed another petition seeking to establish grandparent visitation. On March 10, 1998, the mother again moved to dismiss on the ground of lack of jurisdiction; M.W. dismissed her second petition to intervene, in early May 1998. The mother also renewed her mo *24 tion to dismiss the father’s petition, again alleging lack of jurisdiction.
On September 30, 1998, after conducting an ore tenus hearing, the circuit court entered a judgment that, among other things, established a schedule of visitation for the father. On October 13, 1998, the mother filed a post-judgment motion that renewed her argument that the circuit court had no jurisdiction over the case. The trial court denied this motion, and the mother appealed to this court. The father has not filed a brief in this appeal.
At the outset, we note that before M.W. filed her first petition to intervene for grandparent visitation, the only proceeding involving the parties and the minor child was the paternity proceeding before the juvenile court, which had been concluded two to three months earlier. The record in this case does not include a transcript of the proceedings before the circuit court, but the pleadings indicate that the minor child was born out of wedlock on May 15, 1996, and that the child has had very limited and sporadic contact with the father and M.W.
The mother makes on appeal the same argument she presented to the circuit court — that the circuit court did not have jurisdiction over these proceedings.
Section 12-15-31(2), Ala.Code 1975, vests the juvenile court with exclusive original jurisdiction “[i]n proceedings to establish paternity of a child born out of wedlock.” Section 12-15-32(a), Ala.Code 1975, provides:
“For the purposes of this chapter, jurisdiction obtained by the juvenile court in any case of a child shall be retained by it until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court except that the juvenile court shall retain jurisdiction until the child complies with any order of the juvenile court requiring the payment of fines, costs, restitution, or other court ordered monies. This section shall not be construed to affect the jurisdiction of other courts over offenses committed by the child after he reaches the age of 18 years.”
It is plain that in the initial paternity proceeding the juvenile court assumed jurisdiction over the matters involved in this case. There is nothing in the record before this court to show that the juvenile court ever relinquished that jurisdiction. We note further that cases applying § 12-15-32 have recognized no exception to the plain language of the statute. See Heller v. Heller, 558 So.2d 961 (Ala.Civ.App.1990); Rowe v. Hill, 365 So.2d 1247 (Ala.Civ.App.1979). We therefore conclude that the circuit court did not have jurisdiction. Accordingly, the judgment of the circuit court is reversed and the cause is remanded for that court to transfer this case to the juvenile court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
YATES, MONROE, CRAWLEY, and THOMPSON, JJ., concur.

. The juvenile court record is not before this court.