906 So.2d 182 (2005)
J.W.J., Jr.
v.
P.K.R. and P.H.R.
2030304.
Court of Civil Appeals of Alabama.
January 14, 2005.
*183 Linda F. Coats, Huntsville, for appellant.
Maureen K. Cooper of Morris, Conchin, Cooper & King, Huntsville, for appellees.

*184 On Application for Rehearing

PER CURIAM.
The opinion of this court on rehearing ex mero motu issued on August 20, 2004, dismissing the appeal is withdrawn, and the following opinion is substituted therefor.
This is a grandparent-visitation case. J.W.J., Jr., is the father of P.F.R. ("the child"), a four-year-old girl. P.K.R. and P.H.R. are the child's maternal grandparents. P.E.R., the child's mother, died in December 2002, when the child was two and one-half years old.
The child's parents were never married. In January 2001, when the child was six months old, J.W.J., Jr., filed a paternity complaint in the Madison Juvenile Court, seeking to have himself named the father of the child.[1] On January 26, 2001, the juvenile court entered a judgment, pursuant to a settlement agreement between P.E.R. and J.W.J., Jr., determining that J.W.J., Jr., was the father of the child, awarding custody of the child to the mother, granting visitation rights to the father, and ordering the father to pay child support pursuant to Rule 32, Ala. R. Jud. Admin. The child was not a party to the paternity action.
During the mother's pregnancy and after the child's birth, the mother and the child lived in the maternal grandparents' home. The maternal grandparents cared for the child while the mother attended college and worked part-time. After the mother's death, the father assumed custody of the child and brought the child to live with him in the home of his parents (the child's paternal grandparents).
In January 2003, the maternal grandparents petitioned the Madison Juvenile Court for grandparent-visitation rights pursuant to § 30-3-4.1, Ala.Code 1975. The juvenile court entered a pendente lite order granting the maternal grandparents visitation with the child on the first and third weekends of each month. After a hearing, the juvenile court entered a judgment on November 7, 2003, granting the maternal grandparents visitation on
"the second weekend of each month and the fifth weekend of each month (during 2004 the months of January, May, July and October, each of which have a fifth week). Visitation shall begin at 6:00 p.m. on Friday and continue until 7:00 a.m. on the following Monday. Upon enrollment of the child in school, the grandparents may pick the child up at school/day care on Friday, and return the child to school/day care on the following Monday morning. At all other times the child shall be picked up at the home of her father/paternal grandparents and returned to the same."
The juvenile court also granted the maternal grandparents one week of visitation during the Christmas season, daytime visitation on Mother's Day, and two weeks of visitation in the summer, beginning on the Monday immediately following Father's Day. The judgment further provided:
"In addition to the schedule of visitation, the [maternal] grandparents shall be allowed reasonable telephone contact with the minor child. Such telephone contact may not exceed two (2) telephone calls per week of a reasonable duration, unless more contact is agreed upon by the parties. Neither the father nor the maternal grandparents shall participate in, *185 listen in on, or illegally record any telephone calls to the child."
In an opinion issued on July 16, 2004, this court discussed the merits of the juvenile court's judgment awarding visitation to the maternal grandparents; we ultimately reversed the judgment of the juvenile court and remanded the cause with instructions. On August 20, 2004, however, this court placed the case on rehearing ex mero motu, withdrew the opinion of July 16, 2004, determined that the juvenile court did not have jurisdiction to entertain the petition for grandparent visitation, and dismissed the appeal. The maternal grandparents have now applied for a rehearing, urging us to reconsider our holding that the juvenile court lacked jurisdiction to entertain their petition for grandparent visitation.
Our August 20, 2004, opinion relied on Ex parte K.L.P., 868 So.2d 454 (Ala.Civ. App.2003), in which this court granted a parent's petition for the writ of mandamus, holding that the juvenile court did not have subject-matter jurisdiction to entertain an original petition for grandparent visitation pursuant to § 30-3-4.1, Ala.Code 1975. In K.L.P., the court explained:
"`The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile court is well defined. These courts, in dealing with the welfare and interest of minors under a given age, are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. But where a child is neglected or delinquent, and where the parent contributes to or is responsible for such neglect or delinquency, then the state has the paramount right, in the interest of the welfare of the child, to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue.'
"47 Am.Jur.2d Juvenile Courts § 4 (1995).
"Section 12-15-30(b)[, Ala.Code 1975,] provides that the juvenile court has exclusive original jurisdiction in proceedings to determine custody of a child `when the child is otherwise before the court.' The children in the present case are not before the court on any reason except the grandparents' petition for visitation. Cf. K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993)(the juvenile court had jurisdiction to award grandparent visitation where the child was before the court on the grandparents' dependency/custody petition and the grandparents subsequently sought visitation in the event that the court did not find the child dependent)."
868 So.2d at 456-57 (emphasis added).
The maternal grandparents argue that, notwithstanding the general rule that jurisdiction over grandparent-visitation cases is vested in the circuit court, the juvenile court had jurisdiction over their petition in the present case, they insist, because, two years before they filed their petition, the juvenile court had adjudicated the child's paternity, awarded custody to the mother and visitation to the father, and ordered the father to pay child support. Thus, the maternal grandparents maintain, the child was "otherwise before the [juvenile] court" within the meaning of § 12-15-30(b)(1), Ala.Code 1975. That section provides, in pertinent part:
"(b) The [juvenile] court shall ... exercise exclusive original jurisdiction of *186 the following proceedings, which shall be governed by the laws relating thereto:
"(1) Proceedings to determine custody[[2]] or to appoint a legal custodian or guardian of the person of a child when the child is otherwise before the court."
Section 12-15-31(2), Ala.Code 1975, provides that the juvenile court shall have exclusive original jurisdiction "[i]n proceedings to establish paternity of a child born out of wedlock." The juvenile court first exercised jurisdiction over J.W.J., Jr., and P.E.R., the parents of the child, in a 2001 paternity action brought by the father. Issues of custody, visitation, and child support were adjudicated in the paternity action. The child, however, was not a party to the paternity proceeding.
"Section 26-17-11, Ala.Code 1975, allows, but does not require, the child to be made a party to a paternity action. See Thomas v. Callen, 521 So.2d 1322 (Ala.Civ.App.1987). In Ex parte Martin, 565 So.2d 1 (Ala.1989), our supreme court held that when a child is not made a party and represented in the litigation, he is not bound by the judgment. See also Ex parte L.F.B., 599 So.2d 1179 (Ala.1992).
"The court's failure to make the child a party and to appoint him a guardian... does not undermine the effect of the judgment as to the existing parties. It means only that the child is not bound by the judgment."
S.C.G. v. J.G.Y., 794 So.2d 399, 404 (Ala. Civ.App.2000).
Section 12-15-32(a), Ala.Code 1975, provides, in pertinent part:
"(a) For the purposes of this chapter, jurisdiction obtained by the juvenile court in any case of a child shall be retained by it until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court."
(Emphasis added.) "Once the juvenile court obtains jurisdiction in the case of a child, it retains jurisdiction, with certain exceptions not relevant here, until the child is 21 years old or until its jurisdiction is terminated by order of the juvenile court. § 12-15-32(a), Ala.Code 1975; see also, Valero v. State, 511 So.2d 200, 203 (Ala.Civ.App.1987)." Thompson v. Halliwell, 668 So.2d 43, 44 (Ala.Civ.App.1995).
When the child has not been made a party to a paternity proceeding, it is not accurate to say that the child is "otherwise before the [juvenile] court" within the meaning of 12-15-30(b)(1) simply because the juvenile court had previously decided a paternity action between the child's parents. Although in this case issues relating to the child were "otherwise before the [juvenile] court" at the time it entered its paternity judgment on January 26, 2001, the child herself was not "before the [juvenile] court" in the paternity action because she was not made a party to that action. We might conclude, based on this rather technical point, that the juvenile court never obtained jurisdiction over the child in the paternity proceeding and therefore that the court could not have retained continuing jurisdiction over the child so as to empower the court to adjudicate the grandparent-visitation petition. However, we prefer to rest our decision that the juvenile court was without jurisdiction to adjudicate the grandparent-visitation petition on a less technical and more fundamental principle of statutory construction.
That principle was stated in Ex parte K.L.P., 868 So.2d at 456 (quoting 47 Am. *187 Jur.2d Juvenile Courts § 4 (1995)): Our Legislature has designated the juvenile court as "`the special and exclusive tribunal'" for determining "`who shall have the care, custody, and control of [a] child'" who is "`neglected or delinquent, ... where the parent contributes to or is responsible for such neglect or delinquency.'" In all cases not involving delinquency or neglect, i.e., "`[w]here the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue [of grandparent visitation].'" Id.
Because the maternal grandparents in this case neither alleged nor proved circumstances tending to show that the child had been neglected or was otherwise dependent  circumstances that would trigger the exclusive jurisdiction of a juvenile court  their petition fell within the general civil jurisdiction of the circuit court. Compare K.S. v. H.S., 900 So.2d 1223 (Ala.Civ.App.2004)(holding that the juvenile court had jurisdiction over the grandmother's "motion to establish visitation" because the child was already before the court on the grandmother's dependency petition), and K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993) (holding that the juvenile court had jurisdiction to award grandparent visitation when the child was before the juvenile court on the grandparents' dependency petition and the grandparents had requested visitation in the event that the juvenile court did not find the child dependent), with J.D.R. v. M.M.E., 898 So.2d 783, 784 (Ala.Civ.App.2004)(holding that, when the juvenile court had previously denied a grandmother's dependency petition on the ground that the child "`has two very loving and capable parents who are properly providing for the child's needs,'" the juvenile court had no jurisdiction over the grandmother's later "motion for [grandparent] visitation").
In M.U. v. K.W., 751 So.2d 22 (Ala.Civ. App.1999), this court indicated, with no analysis or discussion of the issue, that when a juvenile court has previously determined a child's paternity, that court has subject-matter jurisdiction over a later grandparent-visitation petition regarding the child.[3] We overrule M.U. to the extent that it holds that a juvenile court has subject-matter jurisdiction over a petition for grandparent visitation solely because the juvenile court has previously determined the paternity of the child with whom the grandparent seeks visitation.
An order entered by a trial court without jurisdiction is a nullity. Ex parte Norfolk S. Ry. Co., 816 So.2d 469, 472 (Ala.2001) (citing Ex parte Hornsby, 663 So.2d 966 (Ala.1995)). Because the juvenile court did not have jurisdiction to enter the judgment awarding grandparent-visitation rights pursuant to § 30-3-4.1, that judgment is void. A void judgment will not support an appeal. Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App.2002). We therefore dismiss the father's appeal to this court and direct the juvenile court to set aside its void order of November 7, 2003.
APPLICATION DENIED; OPINION OF AUGUST 20, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS TO THE JUVENILE COURT.
*188 YATES, P.J., and CRAWLEY, J., concur.
MURDOCK, J., concurs in part and concurs in the result, with writing.
THOMPSON, J., dissents, with writing, which PITTMAN, J., joins.
PITTMAN, J., dissents, with writing.
MURDOCK, Judge, concurring in part and concurring in the result.
I agree with the fundamental principles upon which the main opinion is ultimately grounded, and accordingly I concur in overruling M.U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999). I concur in the result, rather than fully concurring in the main opinion, because the main opinion posits as correct certain notions that I do not believe to be correct. Because I cannot foresee down what "roads" those notions might lead us in some future case, I am compelled to explain my concerns and to set out what I believe to be the correct analytical route to the result reached. In so doing, I necessarily respond to the views expressed by Judge Thompson in his dissenting opinion.
Let me begin by saying that the main opinion, in my view, very much begins and ends on the correct road when it relies upon the principles so well-articulated in Ex parte K.L.P., 868 So.2d 454 (Ala.Civ. App.2003), and 47 Am.Jur.2d Juvenile Courts § 4 (1995). In K.L.P., this court first explained:
"In 1973, the Alabama Constitution was amended to create a unified judicial system consisting of `a supreme court, a court of criminal appeals, a court of civil appeals, a trial court of general jurisdiction known as the circuit court, a trial court of limited jurisdiction known as the district court, a probate court and such municipal courts as may be provided by law.' Amendment No. 328, 6.01(a)(emphasis added [in K.L.P.]). The circuit court `shall exercise general jurisdiction in all cases except as may otherwise be provided by law.' Amend. No. 328, 6.04(b).
"....
"The law governing juvenile proceedings is set out in § 12-15-1 through -176. The purpose of the juvenile court is `to facilitate the care, protection and discipline of children who come within the jurisdiction of the juvenile court ... to preserve the public peace and security.' § 12-15-1.1. The Legislature limited the jurisdiction of the juvenile courts. § 12-15-30 (jurisdiction over children) and § 12-15-31 (jurisdiction over minors and adults).
"Section 12-15-30(a) gives the juvenile court exclusive original jurisdiction over children who are alleged to be `delinquent, dependent, or in need of supervision.' There is nothing in the grandparents' complaint indicating that the mother is unfit or unwilling or unable to discharge her duties as a parent. The grandparents are simply seeking visitation with the children."
868 So.2d at 456 (second emphasis added; footnote omitted). This court in K.L.P. then went on to exposit the fundamental principles underlying the difference in the limited jurisdiction of the juvenile court and the general jurisdiction of the circuit court in a passage that marks the beginning of the main opinion's analysis in the present case:
"`"The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile court is well defined. These courts, in dealing with the welfare and interest of minors under a given age, are entirely independent of each other. Where the *189 contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. But where a child is neglected or delinquent, and where the parent contributes to or is responsible for such neglect or delinquency, then the state has the paramount right, in the interest of the welfare of the child, to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue."
"`47 Am.Jur.2d Juvenile Courts § 4 (1995).
"`Section 12-15-30(b)[, Ala.Code 1975,] provides that the juvenile court has exclusive original jurisdiction in proceedings to determine custody of a child "when the child is otherwise before the court." The children in the present case are not before the court on any reason except the grandparents' petition for visitation. ...'
"[Ex parte K.L.P.,] 868 So.2d at 456-57."
906 So.2d at 185 (some emphasis original; some emphasis added). The main opinion then extends the above-quoted passage from K.L.P. so as to include a reference to K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App. 1993), a case which I will further discuss below, see note 6, infra, after which the main opinion continues as follows:
"The maternal grandparents argue that, notwithstanding the general rule that jurisdiction over grandparent-visitation cases is vested in the circuit court, the juvenile court had jurisdiction over their petition in the present case, they insist, because, two years before they filed their petition, the juvenile court had adjudicated the child's paternity, awarded custody to the mother and visitation to the father, and ordered the father to pay child support. Thus, the maternal grandparents maintain, the child was `otherwise before the [juvenile] court' within the meaning of § 12-15-30(b)(1), Ala.Code 1975. That section provides, in pertinent part:
"`(b) The [juvenile] court shall ... exercise exclusive original jurisdiction of the following proceedings, which shall be governed by the laws relating thereto:
"`(1) Proceedings to determine custody2 or to appoint a legal custodian or guardian of the person of a child when the child is otherwise before the court.'
"Section 12-15-31(2), Ala.Code 1975, provides that the juvenile court shall have exclusive original jurisdiction `[i]n proceedings to establish paternity of a child born out of wedlock.' The juvenile court first exercised jurisdiction over J.W.J., Jr., and P.E.R., the parents of the child, in a 2001 paternity action brought by the father. Issues of custody, visitation, and child support were adjudicated in the paternity action.
"2If a court has jurisdiction of child-custody issues, it implicitly has jurisdiction of visitation issues. See Moody v. Nagle, 811 So.2d 546 (Ala.Civ.App. 2001)."
906 So.2d at 185-86 (emphasis added).
Other than the subsequent paragraph of the main opinion in which M.U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999), is overruled, I would essentially end the analysis of the jurisdiction issue where I have ended the above quotation from the main opinion, with the exception of the following proposed suffix: "The paternity action *190 with respect to the child, however, has long been concluded. It no longer can be said that `the child is otherwise before the court.'"
The main opinion, however, takes what I consider to be a "detour" before arriving at the correct result. Specifically, the main opinion segues from the last above-quoted paragraph into a discussion of the fact that the child in the present case was not formally a party to the paternity proceeding. That notion is introduced by the main opinion as an alternative solution to an analytical roadblock that, in my view, is of the main opinion's own creation. Specifically, the main opinion wrongly creates a temporary obstacle to reaching the correct result when it essentially couples the language in § 12-15-30(b)(1), Ala.Code 1975, and § 12-15-32(a), Ala.Code 1975, in a way that I do not believe was intended by our Legislature and that is inconsistent with the precepts reviewed in the above-quoted passages from K.L.P.
Section 12-15-30(b)(1) provides that the juvenile court shall exercise exclusive original jurisdiction in "[p]roceedings to determine custody or to appoint a legal custodian or guardian of ... a child when the child is otherwise before the court." (Emphasis added.) Section 12-15-30(b)(1) thus expands the substantive remedial reach, or jurisdiction, if you will, of the juvenile court so as to include what may be referred to as pendant authority to address the custody of the child where that issue needs to be addressed in conjunction with a case otherwise properly before the juvenile court. Section 12-15-30(b)(1)'s verbiage  "when the child is otherwise before the court"  is in the present tense. It expands the remedial authority of the juvenile court in cases that are presently otherwise within the juvenile court's jurisdiction. In the future, however, if and when the child at issue is no longer "otherwise before the court," then by definition the court no longer has its pendant, remedial authority to determine custody. To put it differently, merely because expanded authority to determine custody under § 12-15-30(b)(1) comes into existence at one point in time does not mean that it continues to exist thereafter by itself. When the underlying juvenile case from which that authority derived is no longer pending  that is, when the child at issue no longer is "otherwise before the court"  the expanded authority to decide that child's custody also dissipates.[4] Nor, for the reasons described below, is that pendant authority, standing alone, carried forward in time by the provisions of § 12-15-32(a).
Section 12-15-32(a) states that certain jurisdiction obtained by the juvenile court shall be retained by it. But what jurisdiction? The answer is stated in the plain language of § 12-15-32(a), and it is corroborated by an integrated understanding of the purposes of, and the various provisions of, the Juvenile Justice Act, § 12-15-1 et seq., Ala.Code 1975, and the intended role of the juvenile courts as described in K.L.P., and how the Juvenile Justice Act relates to other areas of our law pertaining to child custody and related matters. Section 12-15-32(a) provides, in pertinent part:
"For the purposes of this chapter, jurisdiction obtained by the juvenile court in *191 any case of a child shall be retained by it until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court."
(Emphasis added.) Thus, the juvenile court retains jurisdiction "in any case of a child" brought under the Juvenile Justice Act. The act does not state that the juvenile court, merely because it once decides a case involving a child, thereafter and for all purposes retains jurisdiction over that child. It only retains jurisdiction as to that "case."
In contrast to § 12-15-30(b)(1), § 12-15-32(a) expands not the present tense remedial reach of the juvenile court, but the temporal reach of the court. Moreover, by its terms it cannot, and in light of the above-quoted jurisdictional principles from K.L.P. should not, be construed as effecting a temporal extension of the juvenile court's pendant authority, standing alone, to determine a child's custody. Of course, if and when the "case" to which that custodial authority originally was pendant is, itself, once again before the court, then the child would once again be "otherwise before the court" and the pendant authority given to the court by § 12-15-30(b)(1) would once again spring into existence. That is not the case here. The paternity of the child is not once again at issue, and the child is not "otherwise before the court" under that or any other case within the jurisdiction of the juvenile court. As was true in K.L.P., "[t]he child[] in the present case [is] not before the court on any reason except the grandparents' petition for visitation." 868 So.2d at 456-57.
Nonetheless, the main opinion appears to conflate the directives of § 12-15-30(b)(1) and § 12-15-32(a) to conclude that, once a child has been before a juvenile court in any case over which the juvenile court has exclusive original jurisdiction, and the juvenile court exercises its pendant authority under § 12-15-30(b)(1) to address the custody of the child in that case, the juvenile court forevermore (at least until the child reaches the age of 21) retains jurisdiction over the custody of the child, even if the case to which that authority was pendant is no longer pending before the court. For the reasons explained above, § 12-15-30(b)(1) and § 12-15-32(a) have different purposes. The manner in which the main opinion posits the issue represents in my view an incorrect meshing of the expansion of the juvenile court's remedial authority under § 12-15-30(b)(1) with the temporal expansion of the juvenile court's authority under § 12-15-32(a).
The main opinion suggests that one way around this analytical roadblock (albeit, in the words of the main opinion, a "technical" way, and one that the main opinion ultimately chooses not to rely upon), would be to recognize that when a child is not a formal party to a juvenile-court action, it cannot be said that "the child is otherwise before the court." Again, for the reasons stated above, I see no need to find a way around this analytical roadblock because, in my view, it is a false roadblock. More importantly, however, I find it necessary to register my disagreement with the proposition set forth  namely, that "[w]hen the child has not been made a party to a paternity proceeding, it is not accurate to say that the child is `otherwise before the [juvenile] court' within the meaning of § 12-15-30(b)(1)." 906 So.2d at 186 (emphasis omitted). To the contrary, if the case is one involving a matter such as paternity, dependency, a child in need of supervision, or delinquency, that is exactly what the phrase "otherwise before the court" means under § 12-15-30(b)(1). (The same is true of the phrase "case of a child" in § 12-15-32(a).) Indeed, for almost two and a half decades (since the *192 Juvenile Justice Act was adopted) custody decisions that juvenile courts would not otherwise have had jurisdiction to make have been made precisely on that basis, i.e., that the child, though not formally a party to the proceeding, was "before the court." (Likewise, for almost two and a half decades, the juvenile courts of this state have retained jurisdiction in "case[s] of [children]," despite the fact that the children were not formally made parties to those actions.)
Having said the foregoing, I reiterate what I stated at the outset: I believe the main opinion reaches the right result[5] and, in my opinion, rightly returns to the fundamental jurisdictional principles stated in K.L.P. in order to do so. I believe those principles correctly point to the Legislature's intended division of authority between our juvenile and circuit courts, and that the language of the statutes at issue is fully consistent with those principles.[6] It is on these bases that I concur in the result reached by the main opinion.
THOMPSON, Judge, dissenting.
Upon careful consideration and further reflection of the jurisdictional issue presented in this case, I believe that the juvenile court had subject-matter jurisdiction to entertain the maternal grandparents' petition for visitation; therefore, I do not agree that the maternal grandparents' application for rehearing should be denied. Accordingly, I respectfully dissent.
As noted in the main opinion, pursuant to § 12-15-31(2), Ala.Code 1975, the juvenile court has exclusive jurisdiction in proceedings to establish the paternity of a child born out of wedlock. Pursuant to *193 § 12-15-32(a), Ala.Code 1975, once the juvenile court obtains jurisdiction in the case of a child, jurisdiction shall be retained by the juvenile court until the child is 21 years old or until its jurisdiction is terminated by order of the juvenile court.
I do not agree with the main opinion and the special writing of Judge Murdock concurring in part and concurring in the result that this court should overrule M.U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999). In M.U., this court held that a prior paternity action involving a child, wherein the issues of paternity and child support were decided, gives the juvenile court jurisdiction over a subsequently filed petition for grandparent visitation involving the same child. 751 So.2d at 24.
In the present case, in addition to establishing the paternity of the child in the prior paternity action, the juvenile court also decided issues of custody, visitation, and child support. Although the mother subsequently died and the father assumed custody of the child, the juvenile court's judgment was never modified. In M.U., as in the present case, the juvenile court in the prior paternity action, in addition to establishing paternity of the child, assumed jurisdiction over other matters involving the child. Thus, because issues of custody, visitation, and child support were adjudicated in the paternity action in the present case and because any alteration of those matters would be a modification of the juvenile court's judgment, I believe that the juvenile court had jurisdiction over the grandparents' petition for visitation.[7]
As we stated in M.U., the "cases applying § 12-15-32 have recognized no exception to the plain language of the statute." M.U., 751 So.2d at 24. In the present case, the petition for grandparent visitation was filed in the juvenile court. The juvenile court never entered an order relinquishing jurisdiction, and nothing was filed to effect a transfer of the matter to the circuit court.
I also believe that the facts in the present case are clearly distinguishable from the facts in Ex parte K.L.P., 868 So.2d 454 (Ala.Civ.App.2003), upon which the main opinion and the special writing of Judge Murdock heavily rely. In K.L.P., the grandparents filed separate petitions for visitation with their two grandchildren alleging that the children were "`dependent upon contact' with them and that lack of continued visitation would cause emotional distress to the grandchildren." 868 So.2d at 455. Both petitions were entitled "Petition for Visitation and/or Dependency." 868 So.2d at 456 n. 3. Following ore tenus proceedings, the juvenile court entered a judgment granting the grandparents visitation with the children. The mother appealed contending that the juvenile court lacked jurisdiction. This court treated the appeal as a petition for a writ of mandamus. 868 So.2d at 455.
This court granted the mother's petition for a writ of mandamus and ordered the juvenile court to dismiss the grandparents' petitions for lack of jurisdiction. In so doing, this court looked beyond the nomenclature of the grandparents' petitions and *194 concluded that those petitions did not allege that the children were dependent but only sought visitation with the children. Thus, this court held that the juvenile court lacked jurisdiction of the grandparents' petitions for visitation. 868 So.2d at 456-57.
In K.L.P., unlike in the present case, the only reason the children were ever before the juvenile court was the grandparents' petitions for visitation. Id. As previously stated, in the present case the child was before the juvenile court in the prior paternity action and in that action, in addition to establishing paternity, the juvenile court also decided issues of custody, visitation, and child support. The juvenile court never relinquished its jurisdiction.
I also do not agree with Judge Murdock's suggestion that this court should overrule K.S. v. H.S., 900 So.2d 1223 (Ala. Civ.App.2004), and K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993). In K.R.D., as noted in K.S., this court held that a juvenile court has jurisdiction to award grandparent visitation where the child is before the juvenile court on the grandparents' dependency/custody petition and the grandparents seek visitation rights in the event the juvenile court does not find the child to be dependent.
Further, I do not agree with Judge Murdock that K.R.D. is at tension with J.D.R. v. M.M.E., 898 So.2d 783 (Ala.Civ. App.2004). K.R.D. and J.D.R. are distinguishable from one another based on the facts of each case. In K.R.D. the grandparents filed a dependency/custody petition and during the trial sought visitation rights in the event the juvenile court did not find the child to be dependent. In J.D.R., unlike K.R.D., the maternal grandmother filed a petition in the juvenile court alleging that the child was dependent and seeking custody of the child; the grandmother did not seek visitation in the event she was not awarded custody. Following ore tenus proceedings, the juvenile court entered a judgment finding that the child was not dependent and denied the grandmother's petition; that judgment effectively disposed of the juvenile court's jurisdiction of that matter. Several months later, the grandmother filed, as an independent action, a petition for grandparent visitation in the juvenile court. The guardian ad litem for the child moved to dismiss. Following an ore tenus proceeding, the juvenile court entered a judgment granting the grandmother visitation with the child. The guardian ad litem appealed. This court dismissed the appeal based on our conclusion that the juvenile court lacked jurisdiction of the grandmother's petition for visitation. However, it appears that in J.D.R. this court would have reached a different result with regard to the jurisdiction of the juvenile court if the issue of visitation had been raised and decided in the prior dependency action.
On the basis of the foregoing analysis and authorities, I dissent.
PITTMAN, J., concurs.
PITTMAN, Judge, dissenting.
I concur in Judge Thompson's dissenting opinion. In exercising its jurisdiction in 2001 to adjudicate the paternity of the child, the Madison Juvenile Court simultaneously exercised its jurisdiction to award custody of the child to the mother subject to the father's visitation rights. See Ala. Code 1975, § 26-17-14(d) (providing that a paternity judgment may contain terms "concerning ... the custody of the child"); see also Ala.Code 1975, §§ 12-15-30(b)(1) (providing that juvenile courts may determine custody of children otherwise before the court). The jurisdiction obtained by the juvenile court "in the case of a child" is, under Ala.Code 1975, § 12-15-32(a), *195 "retained by [the juvenile court] until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court."[8] Because the juvenile court's jurisdiction over the child's custody has not been so terminated, it could adjudicate the grandparents' visitation petition.
NOTES
[1] The juvenile court has exclusive original jurisdiction in proceedings to establish the paternity of a child born out of wedlock. § 12-15-31(2), Ala.Code 1975.
[2] If a court has jurisdiction of child-custody issues, it implicitly has jurisdiction of visitation issues. See Moody v. Nagle, 811 So.2d 546 (Ala.Civ.App.2001).
[3] The opinion in M.U. does not disclose whether the child had been made a party to the paternity proceedings.
[4] Similar to § 12-15-30(b)(1), § 26-17-14(d), Ala.Code 1975, provides that when a trial court enters a judgment of paternity, it may include in that judgment other provisions appropriately addressed in connection with the resolution of a paternity case, including provisions concerning child support and custody. As in the case of § 12-15-30(b)(1), when a paternity action is no longer pending before the trial court, the authority to decide custody is no longer prescribed to that court under the terms of § 26-17-14(d).
[5] If the result reached in this case were not the correct one, it would mean that, if an infant's paternity had been adjudicated by a juvenile court, and thereafter the child's parents had married, but 15 years later were pursuing a divorce in the circuit court, the issue of custody of that child would have to be decided by the juvenile court. That is not the division of authority that I believe was intended by our Legislature.
[6] Accordingly, I also agree with the main opinion's overruling of this court's decision in M.U., 751 So.2d 22. Similarly, the division of authority between juvenile and circuit courts that is, in my view, prescribed by our statutes is at odds with the approach utilized by the Court of Civil Appeals in K.R.D., 622 So.2d 398, and K.S. v. H.S., 900 So.2d 1223 (Ala. Civ.App.2004). I therefore also would overrule those decisions to the extent they vest jurisdiction in the juvenile court over actions brought under our grandparent-visitation statute as to children who are not found to be dependent.

I also believe this court's approach to the issue of the juvenile court's jurisdiction over a petition for grandparent visitation in K.R.D. is in tension with the principles upon which this court recently decided the case of J.D.R. v. M.M.E., 898 So.2d 783 (Ala.Civ.App.2004). In J.D.R., the juvenile court had denied a maternal grandmother's petition seeking a determination that her grandchild was dependent. This court held that a petition subsequently filed by the grandmother seeking only visitation of the child pursuant to § 30-3-4.1(c), Ala.Code 1975, was not within the jurisdiction of the juvenile court.
The distinctions drawn in Judge Thompson's dissenting opinion (a) between K.R.D. and K.S., on the one hand, and J.D.R., on the other hand, and (b) between K.L.P. and the present case, are, to my mind, distinctions without differences insofar as the rationale I have attempted to articulate in this writing.
Finally, the Court of Civil Appeals' decision in K.R.D., allowing a juvenile court to decide the issue of grandparent visitation where the juvenile court found that there was no parental unfitness or other dependency on the part of a child would appear to be in tension with the fundamental rights of parents to the care, custody, and control of their children as recognized in cases decided since K.R.D. See Troxel v. Granville, 530 U.S. 57, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000); L.B.S. v. L.M.S., 826 So.2d 178, 187-199 (Ala.Civ.App.2002) (Murdock, J., concurring in the judgment of reversal only); and R.S.C. v. J.B.C., 812 So.2d 361 (Ala.Civ.App.2001).
[7] I note, as does the main opinion, that M.U. is silent as to whether the child was made a party to the prior paternity action in that case. However, I do not believe that the fact that the child was not made a party to the prior paternity action in the present case is dispositive of the jurisdictional issue presented for our review. Cf. P.R.G. v. W.P.R., 590 So.2d 913 (Ala.Civ.App.1991), and Rowe v. State, 365 So.2d 1247 (Ala.Civ.App.1979) (both holding that where the circuit court had assumed jurisdiction over a child in a divorce action by determining custody of that child, that circuit court retained jurisdiction over the child until the child reached the age of majority).
[8] Of course, a juvenile court in a particular county may cease to be the proper venue after a judgment "in the case of a child" has been rendered; however, in that event, a proceeding falling within the retained jurisdiction of the juvenile court may be transferred to the appropriate venue. See generally Ala.Code 1975, §§ 12-15-35 et seq.; Rules 82(d) and 82(dc), Ala. R. Civ. P.; and Rule 1(A), Ala. R. Juv. P.