*184
On Application for Rehearing

PER CURIAM.
The opinion of this court on rehearing ex mero motu issued on August 20, 2004, dismissing the appeal is withdrawn, and the following opinion is substituted therefor.
This is a grandparent-visitation case. J.W.J., Jr., is the father of P.F.R. (“the child”), a four-year-old girl. P.K.R. and P.H.R. are the child’s maternal grandparents. P.E.R., the child’s mother, died in December 2002, when the child was two and one-half years old.
The child’s parents were never married. In January 2001, when the child was six months old, J.W.J., Jr., filed a paternity complaint in the Madison Juvenile Court, seeking to have himself named the father of the child.[1] On January 26, 2001, the juvenile court entered a judgment, pursuant to a settlement agreement between P.E.R. and J.W.J., Jr., determining that J.W.J., Jr., was the father of the child, awarding custody of the child to the mother, granting visitation rights to the father, and ordering the father to pay child support pursuant to Rule 32, Ala. R. Jud. Admin. The child was not a party to the paternity action.
During the mother’s pregnancy and after the child’s birth, the mother and the child lived in the maternal grandparents’ home. The maternal grandparents cared for the child while the mother attended college and worked part-time. After the mother’s death, the father assumed custody of the child and brought the child to live with him in the home of his parents (the child’s paternal grandparents).
In January 2003, the maternal grandparents petitioned the Madison Juvenile Court for grandparent-visitation rights pursuant to § 30-3-4.1, Ala.Code 1975. The juvenile court entered a pendente lite order granting the maternal grandparents visitation with the child on the first and third weekends of each month. After a hearing, the juvenile court entered a judgment on November 7, 2003, granting the maternal grandparents visitation on
“the second weekend of each month and the fifth weekend of each month (during 2004 the months of January, May, July and October, each of which have a fifth week). Visitation shall begin at 6:00 p.m. on Friday and continue until 7:00 a.m. on the following Monday. Upon enrollment of the child in school, the grandparents may pick the child up at school/day care on Friday, and return the child to school/day care on the following Monday morning. At all other times the child shall be picked up at the home of her father/paternal grandparents and returned to the same.”
The juvenile court also granted the maternal grandparents one week of visitation during the Christmas season, daytime visitation on Mother’s Day, and two weeks of visitation in the summer, beginning on the Monday immediately following Father’s Day. The judgment further provided:
“In addition to the schedule of visitation, the [maternal] grandparents shall be allowed reasonable telephone contact with the minor child. Such telephone contact may not exceed two (2) telephone calls per week of a reasonable duration, unless more contact is agreed upon by the parties. Neither the father nor the maternal grandparents shall participate in, *185 listen in on, or illegally record any telephone calls to the child.”
In an opinion issued on July 16, 2004, this court discussed the merits of the juvenile court’s judgment awarding visitation to the maternal grandparents; we ultimately reversed the judgment of the juvenile court and remanded the cause with instructions. On August 20, 2004, however, this court placed the case on rehearing ex mero motu, withdrew the opinion of July 16, 2004, determined that the juvenile court did not have jurisdiction to entertain the petition for grandparent visitation, and dismissed the appeal. The maternal grandparents have now applied for a rehearing, urging us to reconsider our holding that the juvenile court lacked jurisdiction to entertain their petition for grandparent visitation.
Our August 20, 2004, opinion relied on Ex parte K.L.P., 868 So.2d 454 (Ala.Civ. App.2003), in which this court granted a parent’s petition for the writ of mandamus, holding that the juvenile court did not have subject-matter jurisdiction to entertain an original petition for grandparent visitation pursuant to § 30-3-4.1, Ala.Code 1975. In K.L.P., the court explained:
“ ‘The line of demarcation between the courts exercising general civil jurisdiction with respect to the care, custody, and control of minors and the juvenile court is well defined. These courts, in dealing with the welfare and interest of minors under a given age, are entirely independent of each other. Where the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue. But where a child is neglected or delinquent, and where the parent contributes to or is responsible for such neglect or delinquency, then the state has the paramount right, in the interest of the welfare of the child, to say who shall have the care, custody, and control of the child, and the juvenile court has been made the special and exclusive tribunal for determining such issue.’
“47 Am.Jur.2d Juvenile Courts § 4 (1995).
“Section 12 — 15—30(b)[, Ala.Code 1975,] provides that the juvenile court has exclusive original jurisdiction in proceedings to determine custody of a child ‘when the child is otherwise before the court.’ The children in the present case are not before the court on any reason except the grandparents’ petition for visitation. Cf. K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993)(the juvenile court had jurisdiction to award grandparent visitation where the child was before the court on the grandparents’ dependency/custody petition and the grandparents subsequently sought visitation in the event that the court did not find the child dependent).”
868 So.2d at 456-57 (emphasis added).
The maternal grandparents argue that, notwithstanding the general rule that jurisdiction over grandparent-visitation cases is vested in the circuit court, the juvenile court had jurisdiction over their petition in the present case, they insist, because, two years before they filed their petition, the juvenile court had adjudicated the child’s paternity, awarded custody to the mother and visitation to the father, and ordered the father to pay child support. Thus, the maternal grandparents maintain, the child was “otherwise before the [juvenile] court” within the meaning of § 12 — 15—30(b)(1), Ala.Code 1975. That section provides, in pertinent part:
“(b) The [juvenile] court shall ... exercise exclusive original jurisdiction of *186 the following proceedings, which shall be governed by the laws relating thereto:
“(1) Proceedings to determine custody[2] or to appoint a legal custodian or guardian of the person of a child when the child is otherwise before the court.”
Section 12-15-31(2), Ala.Code 1975, provides that the juvenile court shall have exclusive original jurisdiction “[i]n proceedings to establish paternity of a child born out of wedlock.” The juvenile court first exercised jurisdiction over J.W.J., Jr., and P.E.R., the parents of the child, in a 2001 paternity action brought by the father. Issues of custody, visitation, and child support were adjudicated in the paternity action. The child, however, was not a party to the paternity proceeding.
“Section 26-17-11, Ala.Code 1975, allows, but does not require, the child to be made a party to a paternity action. See Thomas v. Callen, 521 So.2d 1322 (Ala.Civ.App.1987). In Ex parte Martin, 565 So.2d 1 (Ala.1989), our supreme court held that when a child is not made a party and represented in the litigation, he is not bound by the judgment. See also Ex parte L.F.B., 599 So.2d 1179 (Ala.1992).
“The court’s failure to make the child a party and to appoint him a guardian ... does not undermine the effect of the judgment as to the existing parties. It means only that the child is not bound by the judgment.”
S.C.G. v. J.G.Y., 794 So.2d 399, 404 (Ala. Civ.App.2000).
Section 12-15-32(a), Ala.Code 1975, provides, in pertinent part:
“(a) For the purposes of this chapter, jurisdiction obtained by the juvenile court in any case of a child shall be retained by it until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court.”
(Emphasis added.) “Once the juvenile court obtains jurisdiction in the case of a child, it retains jurisdiction, with certain exceptions not relevant here, until the child is 21 years old or until its jurisdiction is terminated by order of the juvenile court. § 12-15-32(a), Ala.Code 1975; see also, Valero v. State, 511 So.2d 200, 203 (Ala.Civ.App.1987).” Thompson v. Halliwell, 668 So.2d 43, 44 (Ala.Civ.App.1995).
When the child has not been made a party to a paternity proceeding, it is not accurate to say that the child is “otherwise before the [juvenile] court” within the meaning of 12-15-30(b)(l) simply because the juvenile court had previously decided a paternity action between the child’s parents. Although in this case issues relating to the child were “otherwise before the [juvenile] court” at the time it entered its paternity judgment on January 26, 2001, the child herself was not “before the [juvenile] court” in the paternity action because she was not made a party to that action. We might conclude, based on this rather technical point, that the juvenile court never obtained jurisdiction over the child in the paternity proceeding and therefore that the court could not have retained continuing jurisdiction over the child so as to empower the court to adjudicate the grandparent-visitation petition. However, we prefer to rest our decision that the juvenile court was without jurisdiction to adjudicate the grandparent-visitation petition on a less technical and more fundamental principle of statutory construction.
That principle was stated in Ex parte K.L.P., 868 So.2d at 456 (quoting 47 Am. *187 Jur.2d Juvenile Courts § 4 (1995)): Our Legislature has designated the juvenile court as “ ‘the special and exclusive tribunal’ ” for determining “ ‘who shall have the care, custody, and control of [a] child’ ” who is “ ‘neglected or delinquent, ... where the parent contributes to or is responsible for such neglect or delinquency.’ ” In all cases not involving delinquency or neglect, i.e., “ ‘[wjhere the contest is between the parents, or between a parent and a third person, as to who should have the control and care of the minor, the court exercising general civil jurisdiction is the proper and exclusive tribunal to decide the issue [of grandparent visitation].’ ” Id.
Because the maternal grandparents in this case neither alleged nor proved circumstances tending to show that the child had been neglected or was otherwise dependent — circumstances that would trigger the exclusive jurisdiction of a juvenile court — their petition fell within the general civil jurisdiction of the circuit court. Compare KS. v. H.S., 900 So.2d 1223 (Ala.Civ.App.2004)(holding that the juvenile court had jurisdiction over the grandmother’s “motion to establish visitation” because the child was already before the court on the grandmother’s dependency petition), and K.R.D. v. E.D., 622 So.2d 398 (Ala.Civ.App.1993) (holding that the juvenile court had jurisdiction to award grandparent visitation when the child was before the juvenile court on the grandparents’ dependency petition and the grandparents had requested visitation in the event that the juvenile court did not find the child dependent), with J.D.R. v. M.M.E., 898 So.2d 783, 784 (Ala.Civ.App.2004)(holding that, when the juvenile court had previously denied a grandmother’s dependency petition on the ground that the child “ ‘has two very loving and capable parents who are properly providing for the child’s needs,’ ” the juvenile court had no jurisdiction over the grandmother’s later “motion for [grandparent] visitation”).
In M.U. v. K.W., 751 So.2d 22 (Ala.Civ. App.1999), this court indicated, with no analysis or discussion of the issue, that when a juvenile court has previously determined a child’s paternity, that court has subject-matter jurisdiction over a later grandparent-visitation petition regarding the child.[3] We overrule M.U. to the extent that it holds that a juvenile court has subject-matter jurisdiction over a petition for grandparent visitation solely because the juvenile court has previously determined the paternity of the child with whom the grandparent seeks visitation.
An order entered by a trial court without jurisdiction is a nullity. Ex parte Norfolk S. Ry. Co., 816 So.2d 469, 472 (Ala.2001) (citing Ex parte Hornsby, 663 So.2d 966 (Ala.1995)). Because the juvenile court did not have jurisdiction to enter the judgment awarding grandparent-visitation rights pursuant to § 30-3-4.1, that judgment is void. A void judgment will not support an appeal. Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App.2002). We therefore dismiss the father’s appeal to this court and direct the juvenile court to set aside its void order of November 7, 2003.
APPLICATION DENIED; OPINION OF AUGUST 20, 2004, WITHDRAWN; OPINION SUBSTITUTED; APPEAL DISMISSED WITH INSTRUCTIONS TO THE JUVENILE COURT.
*188 YATES, P.J., and CRAWLEY, J„ concur.
MURDOCK, J., concurs in part and concurs in the result, with writing.
THOMPSON, J., dissents, with writing, which PITTMAN, J., joins.
PITTMAN, J., dissents, with writing.

. The juvenile court has exclusive original jurisdiction in proceedings to establish the paternity of a child bom out of wedlock. § 12-15-31(2), Ala.Code 1975.

. If a court has jurisdiction of child-custody issues, it implicitly has jurisdiction of visitation issues. See Moody v. Nagle, 811 So.2d 546 (Ala.Civ.App.2001).

. The opinion in M.U. does not disclose whether the child had been made a party to the paternity proceedings.