999 So.2d 971 (2008)
W.B.G.M.
v.
P.S.T.
2060966.
Court of Civil Appeals of Alabama.
June 27, 2008.
*972 Mark B. Craig, Decatur, for appellant.
Brian C.T. Jones, Athens, for appellee.
PER CURIAM.
The mother, W.B.G.M., appeals from a judgment transferring custody of her two children, B.T., a daughter, and P.T., a son, from the mother to the father, P.S.T. We dismiss the appeal because the trial court's judgment is void for lack of jurisdiction.

Procedural History
The parties were never married, and, in 2001, the mother filed a child-support action in the Morgan Juvenile Court ("the juvenile court"). On January 29, 2001, the juvenile court exercised its jurisdiction by adjudicating paternity of the two children, by issuing a child-support order, by deciding custody, and by establishing a visitation schedule. The juvenile court determined that the father was in arrears on his child-support obligation in the amount of $9,248; the juvenile court ordered the father to make payments on that arrearage.
The parties again appeared in the juvenile court in November 2001. On November 19, 2001, the juvenile court entered another judgment, determining the father's child-support arrearage at that time to be $10,983 and finding the father to be in civil contempt for failure to make payments on that arrearage. The juvenile court ordered the father to make additional *973 and timely payments toward the arrearage or face sentencing for his contempt.
In November 2003, the mother and the father again appeared in the juvenile court. The juvenile court again found the father to be in contempt and determined his child-support arrearage to be $16,385. The juvenile court again ordered the father to make additional and timely payments toward his child-support arrearage or face sentencing for his contempt.
In November 2004, the juvenile court entered another judgment, determining the father's child-support arrearage to be $18,536.20. The juvenile court found the father to be in civil contempt of the juvenile court's prior orders and ordered the father to make payments toward that arrearage.
In May 2006, the father filed a petition for custody and visitation in the Limestone Circuit Court ("the circuit court"). The mother answered the petition and asserted a counterclaim, alleging that the father was in contempt of the juvenile court's previous judgments.
The father's custody petition and the mother's counterclaim were heard by the circuit court on April 17, 2007. On May 4, 2007, the circuit court entered a judgment, modifying custody of the parties' two children. The circuit court did not rule on the mother's contempt claim. The mother filed a motion to alter, amend, or vacate the May 4, 2007, judgment; that motion was denied by operation of law. The mother appealed.

Analysis
Although on appeal the mother does not challenge the jurisdiction of the circuit court, "[j]urisdictional matters are of such importance that a court may take notice of them ex mero motu." McMurphy v. East Bay Clothiers, 892 So.2d 395, 397 (Ala.Civ.App.2004).
Pursuant to § 12-15-32(a), Ala.Code 1975, once a juvenile court obtains jurisdiction in any case involving a child, that court retains jurisdiction over that case until the child reaches the age of 21 years or until the court, by its own order, terminates that jurisdiction. In Heller v. Heller, 558 So.2d 961 (Ala.Civ.App.1990), this court, relying on § 12-15-32, held that a circuit court did not have subject-matter jurisdiction over a custody dispute because a juvenile court had earlier obtained jurisdiction and entered a judgment regarding custody.
In M.U. v. K.W., 751 So.2d 22 (Ala.Civ. App.1999), this court, in a unanimous opinion, held that, once a juvenile court adjudicates paternity of a child, that court retains jurisdiction over the child under § 12-15-32 to decide issues regarding grandparent visitation. 751 So.2d at 24. Subsequently, in J.W.J. v. P.K.R., 906 So.2d 182 (Ala.Civ.App.2005), this court, in a per curiam opinion, overruled M.U., supra. 906 So.2d at 187. In J.W.J., J.W.J., Jr., filed a paternity complaint in the Madison Juvenile Court in 2001. The Madison Juvenile Court entered a judgment finding J.W.J., Jr., to be the father of a child born to P.E.R. out of wedlock. In that judgment, the Madison Juvenile Court awarded custody of the child to P.E.R., granted J.W.J., Jr., visitation rights, and ordered J.W.J., Jr., to pay child support. P.E.R. subsequently died, and, in 2003, the child's maternal grandparents filed a petition in the Madison Juvenile Court seeking grandparent-visitation rights. 906 So.2d at 182. In a somewhat convoluted opinion, three judges determined that the Madison Juvenile Court lacked jurisdiction over the grandparents' petition.
The main opinion, in which two judges concurred, reasoned in dicta that, because the child had not been made a party to the previous paternity adjudication, the child *974 had never been before the Madison Juvenile Court and, thus, the court could not retain jurisdiction over the child to decide grandparent-visitation issues. 906 So.2d at 186-87. However, the main opinion did not rest its decision on that logic. 906 So.2d at 187. Instead, relying on Ex parte K.L.P., 868 So.2d 454 (Ala.Civ.App.2003), the main opinion concluded that a juvenile court only has continuing jurisdiction over a dependent child. 906 So.2d at 186-87. Because the maternal grandparents did not allege that the child was dependent, the main opinion determined that the Madison Juvenile Court did not have jurisdiction over their visitation petition. The main opinion overruled M.U., noting that M.U. had held that a juvenile court that had earlier decided paternity retained subject-matter jurisdiction over a subsequent grandparent-visitation petition "with no analysis or discussion of the issue." 906 So.2d at 187.
In a special writing, Judge Murdock agreed that M.U. should be overruled. Judge Murdock disagreed with the dicta in the main opinion; however, he maintained that, once the Madison Juvenile Court had determined the paternity of the child in 2001, the case ended in that court and that court did not retain its "pendant" jurisdiction to decide a grandparent-visitation petition years later. 906 So.2d at 190-91 (Murdock, J., concurring in part and concurring in the result). Judge Thompson dissented on the ground that, once the Madison Juvenile Court had decided not only paternity but also issues of custody, visitation, and child support, it retained jurisdiction over those matters until the child reached 21 years of age or the court terminated its jurisdiction. 906 So.2d at 193 (Thompson, J., dissenting). Judge Thompson distinguished K.L.P. as a case involving an original filing in a juvenile court in which the only reason the children were before the court was the petition for grandparent visitation. 906 So.2d at 193-94 (Thompson, J., dissenting). Judge Pittman also dissented, stating:
"I concur in Judge Thompson's dissenting opinion. In exercising its jurisdiction in 2001 to adjudicate the paternity of the child, the Madison Juvenile Court simultaneously exercised its jurisdiction to award custody of the child to the mother subject to the father's visitation rights. See Ala.Code 1975, § 26-17-14(d) (providing that a paternity judgment may contain terms `concerning... the custody of the child'); see also Ala.Code 1975, §§ 12-15-30(b)(1) (providing that juvenile courts may determine custody of children otherwise before the court). The jurisdiction obtained by the juvenile court `in the case of a child' is, under Ala.Code 1975, § 12-15-32(a), `retained by [the juvenile court] until the child becomes 21 years of age unless terminated prior thereto by order of the judge of the juvenile court.' Because the juvenile court's jurisdiction over the child's custody has not been so terminated, it could adjudicate the grandparents' visitation petition."
906 So.2d at 194-95 (Pittman, J., dissenting) (footnote omitted).
Upon a reexamination of the issue, the court is now of the opinion that the majority erred in J.W.J. and that the dissenting opinions in that case correctly state the law. When a juvenile court has jurisdiction to make an initial child-custody determination, it retains jurisdiction over a petition to modify that custody judgment to the exclusion of any other state court until the child reaches 21 years of age or the juvenile court terminates its jurisdiction. See Ala.Code 1975, § 12-15-32. Moreover, once a juvenile court enters a custody judgment in a paternity action under the Alabama Uniform Parentage Act, that court "retain[s] jurisdiction of the *975 cause for the purpose of entering such other and further orders as changing circumstances of the parties may in justice and equity require." Ala.Code 1975, § 26-17-10(e); see generally State ex rel. B.G. v. J.F.P., 721 So.2d 213, 217-18 (Ala.Civ.App. 1998). We therefore overrule J.W.J. v. P.K.R., supra, and reaffirm the holdings in M.U., supra, and Heller, supra.
In the present case, § 12-15-31(2), Ala.Code 1975, conferred exclusive jurisdiction on the juvenile court to decide the issue of paternity. Once the children were before the court on the paternity issue, § 12-15-30(b)(2) gave the juvenile court exclusive original jurisdiction to decide the issue of who should be awarded custody of the children, and the juvenile court exercised that jurisdiction by awarding custody of the children to the mother. Based on § 12-15-32 and § 26-17-10(e), the juvenile court retained jurisdiction to consider any petition to modify its custody judgment unless it terminated that jurisdiction by its own order. Because there is no evidence indicating that the juvenile court terminated its jurisdiction, it is the only court in this state with jurisdiction to modify its custody judgment. The circuit court was without subject-matter jurisdiction to enter any judgment affecting the custody of the children.
An order or judgment entered without jurisdiction is a nullity and of no effect. Ex parte Norfolk S. Ry. Co., 816 So.2d 469, 472 (Ala.2001). Because the circuit court did not have jurisdiction, its judgment is void. A void judgment will not support an appeal. Carter v. Hilliard, 838 So.2d 1062, 1064 (Ala.Civ.App.2002). We, therefore, dismiss the mother's appeal and direct the circuit court to vacate its void judgment.
APPEAL DISMISSED.
THOMPSON, P.J., and BRYAN, THOMAS, and MOORE, JJ., concur.
PITTMAN, J., concurs specially.
PITTMAN, Judge, concurring specially.
I concur in the main opinion, which is fully consistent with my dissenting opinion in J.W.J. v. P.K.R., 906 So.2d 182 (Ala.Civ. App.2005). However, I write specially to note, for the benefit of the bench and bar, that Act No. 2008-277, Ala. Acts 2008, replaces the statute at issue in this case, Ala.Code 1975, § 12-15-32, with a new Code section, Ala.Code 1975, § 12-15-117, that limits a juvenile court's retained jurisdiction to cases in which "a child has been adjudicated dependent, delinquent, or in need of supervision" (emphasis added). That new Code section, which takes effect January 1, 2009, legislatively abrogates Heller v. Heller, 558 So.2d 961 (Ala.Civ. App.1990), and M.U. v. K.W., 751 So.2d 22 (Ala.Civ.App.1999), as to future cases, thereby limiting (but not eliminating) the prospective precedential value that the main opinion in this case might otherwise have had. Similarly, Ala.Code 1975, § 26-17-10(e), which is also cited by the main opinion, has been repealed effective January 1, 2009. See Act No. 2008-376, Ala. Acts 2008, § 1.